**STENGER v MEYERS et**

Ohio Appeals, 9th Dist, Summit Co

No 2481.   Decided April 8, 1935

Price & Price, Cleveland, for plaintiff in error.

Evans, Whitney & Zuck, Cleveland, and Hugh D. Rodgers, Akron, for defendants in error.

## OPINION

By STEVENS, J.

There was nothing in the pleadings to show that Stenger sought a rescission of the contract, except that the measure of recovery for which he prayed was the same as it would have been had he been seeking a rescission and recovery of the amount paid by him upon the purchase price; and there is nothing in the record to justify the conclusion that Stenger sought a rescission of the contract.

A reading of the pleadings herein immediately discloses the fact that the plaintiff, Dale S. George, had no interest whatsoever in the note sued upon. The action below was instituted by him as an individual and not in a representative capacity as agent for the real owner thereof, A. G. Meyers. Under those circumstances, it is the opinion of this court that, under none of the conditions shown by this record, was the plaintiff, Dale S. George, entitled to a verdict in any amount against the defendant Stenger, he not being a real party in interest to said action.

When the real owner of the note sued upon became a party to the action, he should have been treated by the trial court as the party plaintiff, and Dale S. George should not thereafter, have been treated as a party to the action. This conclusion, of course, necessitates a reversal of the judgment rendered in favor of the plaintiff. Dale S. George.

With reference to the cross-petition of Stenger, an examination thereof reveals that Stenger's claim is either one for damages for breach of warranty, or a counterclaim for damages for deceit. His claim is predicated upon the false and fraudulent representations of Meyers made to him for the purpose of inducing him to purchase the equipment in question, upon which rep-

resentations he relied, which did induce him to act, and which statements Meyers knew at the time were untrue.

If the claim of Stenger be considered merely as a claim for damages for breach of warranty, Stenger—although no witnesses testified as to the value of the goods as delivered or the value they would have had if they had been as warranted—was entitled to at least nominal damages, and the direction of the verdict against him, which resulted in a judgment against him for costs, was error.

13 O. Jur., "Damages," §§3, 4 and 7.

. Hill v Butler, 6 Oh St 207.

Smith v Weed Sewing Machine Co., 26 Oh St 562.

Myers v Sunlight Laundry Co., 10 Oh Ap 275.

If, however, Stenger's claim be considered as a counter-claim for damages for deceit, which we believe it to be, we find that the record discloses some evidence of general damage and some evidence of special damage, sufficient at least to carry the case to the jury on the question of damages, and therefore it was error to direct a verdict against Stenger upon the cross-petition.

Paragraph 7 of §8449, GC, does not preclude the recovery of damages, general or special, which are less than the difference between the value of the proprty as delivered, and the value thereof as warranted, merely because there is no evidence of such difference.

It is true that, in an action for fraud, the party seeking to recover must prove not only that the claimed representations were made, but that they were false, were in reference to a material matter, upon which he had the right to and did rely, and also that in doing so he was misled to his injury.

Of course, the injury must be real and not merely fanciful; one that results in damage in a pecuniary sense; but the injured party is not required to produce evidence of witnesses as to the exact amount of such damage, it being sufficient if the damage directly and naturally resulted, in the ordinary course of events, from the fraud practiced upon him.

When he produces facts from which the only natural inference to be drawn is that of loss to him, he is not precluded from recovery merely because he failed to introduce evidence as to values by which such loss could have been measured in terms of money.

It may be that, by failure to introduce evidence of such values, he is unable to recover all that he should recover; but if he proves facts from which the only proper inference is that he was substantially damaged, the trial court has not the right, as a matter of law, by directing a verdict against him, to prevent him from having the jury fix his damage.

The measure of damage is important in ruling upon the admissibility of evidence as to damage, but it is not controlling upon the question of the existence of damage; and it was not intended by the legislature in the enactment of paragraph 7 of §8449, GC, which entire section is specifically limited in its application to actions ex contractu for "breach of warranty of quality," to provide that, if a party failed to prove his damage by a particular measure, he should not be entitled to any damage.

If one offers evidence tending to prove all of the essential elements of an action for fraud and deceit, including that he was misled to his injury, and the evidence is such as to warrant the inference that he suffered substantial damage thereby, he is entitled at least to nominal damages, and the trial judge has no right to direct a verdict against him and render judgment against him for costs.

The final journal entry filed below provided that the plaintiff, Dale S. George, recover from the defendant Stenger the sum of $650, together with his costs expended in the Common Pleas Court, and that the defendants A. G. Meyers and Ella Meyers go hence without day and recover of the defendant Stenger their costs, for which judgment was rendered.

It thus becomes apparent that the costs upon the cross-petition of the defendant Stenger were, by the order of the court, thrown upon Stenger, when he, by the recovery of at least nominal damages, to which he was entitled under the evidence adduced up to the time the trial court directed the verdicts, would have been entitled to have the costs assessed against the defendant Meyers.

Under the authorities above cited, that error justifies a reviewing court in a reversal of the judgment so entered.

For error in directing a verdict in favor of the plaintiff, Dale S. George, and also in directing a verdict in favor of the defendants Meyers upon the cross-petition of the defendant Stenger, the judgment is re-

versed, and the cause remanded for further proceedings in conformity to law.

FUNK, PJ, and WASHBURN, J, concur in judgment.