O'BRIEN, an infant, by Charles O'Brien as her next friend, Plaintiff-Appellee, v. SMALL, d. b. a. BELL MOTOR SALES, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23215. Decided December 1, 1954.

474

Joseph O. Coy, Cleveland, for plaintiff-appellee.
Harry J. Dworkin, Cleveland, for defendant-appellant.

## OPINION

**By SKEEL, J:**

This appeal comes to this court on questions of law, from a judgment entered for plaintiff partly by direction and partly upon the verdict of a jury in the Municipal Court of Cleveland.

The action was one seeking return of money alleged to have been paid by the plaintiff on the purchase of an automobile after disaffirming the contract on the ground that plaintiff purchaser was a minor, both at the time the purchase was made and at the time of disaffirmance.

The plaintiff's petition alleges that she is a minor; that the defendant, David Small, d. b. a. Bell Motor Sales is engaged in the business of selling automobiles in the City of Cleveland; that on June 4, 1952, she then being 19 years of age, purchased by written contract a 1949 Hudson automobile from the defendant, the purchase price being $1030.00 (this figure as alleged is in error, the purchase price being $1495.00). $516.30 being paid in cash and the balance of the purchase price, insurance premiums, finance charges of $1322.64 was represented by note and chattel mortgage on the automobile. This obligation was transferred to the Sun Finance Company to whom the plaintiff was directed to make all future

payments. Thereafter, a payment of $73.48 was made to the Finance Company.

On August 25, 1952, the Finance Company repossessed the automobile for failure to make payment under the terms of the mortgage. The plaintiff thereafter disaffirmed the contract and demanded the return of the amount she claims to have paid, in the total sum of $589.69

The Sun Finance Company was made a party defendant but the plaintiff's prayer seeks relief only against the defendant Small.

The defendant, Small, by his amended answer and cross-petition denies plaintiff was a minor when the purchase was made; denies that she paid $516.20 on the purchase price of the automobile or that he received the July 2nd payment of $73.48. The answer alleges that plaintiff's husband, Charles OBrien, made an agreement to purchase a Hudson automobile at which time he made a deposit on the purchase price of $30.00 That thereafter said Charles O'Brien and the plaintiff came to defendant Small's place of business to complete the negotiations for the purchase of such automobile and at the specific request of Charles O'Brien who was the purchaser of such automobile it was placed in the name of plaintiff, she then representing herself to be 21 years of age. That at the time of the conclusion of the sale, Charles O'Brien paid sufficient additional money to make up the total sum of $116.20 which in part was in payment of sales tax, filing fees, transfer of plates and insurance premiums. It is further alleged that the plaintiff did not pay any money to Small in this transaction.

By way of cross-petition, defendant Small alleges that the Hudson automobile was sold to Charles O'Brien, husband of plaintiff (he having been made a party defendant) and title to the automobile was put in plaintiff's name at his request, she then and there representing herself to be 21 years of age. That the placing of title in the name of Peggy O'Brien was procured by fraudulent representations, wilfully made by plaintiff, Peggy O'Brien and defendant Charles O'Brien. The defendant Small prays for compensatory damages in the sum of $500.00 and punitive damages in like amount, because of the alleged fraudulent conduct and tortious acts of plaintiff and defendant, Charles O'Brien.

Plaintiff and defendant, Charles O'Brien, deny the affirmative allegations of the answer and cross-petition of Small.

The evidence conclusively establishes that the plaintiff was a minor on June 4, 1952, the day the Hudson automobile was purchased and that the certificate of title was placed in her name. The purchase order signed by Peggy O'Brien shows the following:

Purchase price $1495.00; title $4.85, sales tax $44.85. Plates or transfer $1.50; Total $1546.20. Part payment with order $30.00. cash on delivery $86.20, 1941 Oldsmobile $400.00. Balance to be financed $1030.00

The 1941 Oldsmobile which was turned in on the purchase price of the Hudson automobile, for which an allowance of $400.00 was made was purchased by Charles O'Brien in 1951 and shortly thereafter the certificate of title was transferred to Peggy O'Brien. the explanation of such transfer made by plaintiff being that her husband wanted to make her an anniversary gift. This was also the explanation of Mr. O'Brien at the beginning of his testimony. On cross-examination, however, he testified:

"Q. And then some time two months later you say you put it in your wife's name as an anniversary present? Is that how you put it in your wife's name?

"A. No, sir, that is not true.

"Q. Now, tell the jury the truth and I think you will tell the truth.

"A. Well, I had filed bankruptcy.

"Q. All right. And that was why you put it in your wife's name, isn't that true?

"A. Yes, that is right.

"Q. So your wife wasn't telling the truth when she said, 'My husband put it in my name as a wedding anniversary present.' There was no truth to that was there?

"A. No, sir."

The evidence as to whose money was used to complete the necessary down payment and to pay sales tax, title fees and fee for changing the license plates, is in conflict as is equally true of the reason why the Hudson was put in plaintiff's name and the evidence as to whether or not plaintiff represented that she was 21 years of age.

The court in the general charge instructed the jury:

"Now, you were instructed that in the opinion of the court. the defendant has offered no evidence whatever which in law would warrant your consideration of defendant's cross-petition. That leaves the plaintiff's petition for your consideration. Now the court instructs you in this respect that as a matter of law the plaintiff being unquestionably a minor at the time the contract was executed. she is entitled to the return of whatever consideration she parted with in the making of the contract"

The jurors were then instructed to determine the value of the "Olds" and add to such value the sum $116.00 cash that was paid to Bell Motor Sales, and return a verdict in that amount for the plaintiff. No definition of the issues will be found in the charge.

The defendant claims the following errors:

1. The trial court erred in directing a verdict for the appellee

2. The trial court erred in denying appellant's motion to withdraw from the consideration of the jury the items of damage based on sums collected by the appellant for state sales tax, title fees and transfer fees.

3. The trial court erred in overruling appellant's motion that the issue concerning the value of the 1941 Oldsmobile be withdrawn from the consideration of the jury.

4. The trial court erred in permitting appellee's husband to testify as to the value of the 1941 Oldsmobile.

5. The trial court erred in overruling appellant's motion for a mistrial.

6. The trial court erred in failing to send exhibits "A" and "C" to the jury.

7. The verdict was excessive and the result of passion and prejudice.

The defendant's first assignment of error is well taken. Where there is evidence of a violation of a legal duty by tortious acts or fraudulent conduct on the part of plaintiff, the defendant is entitled to have such issue presented to the jury under proper instruction of the court. If, in fact. the defendant established the affirmative allegations of his cross-petition, seeking damages for tortious and fraudulent conduct, by the proper degree

of proof, then he would be entitled to a judgment even though no damage was shown and nominal damages should be allowed with costs on the cross-petition.

Winslow v. Ohio Bus Line, 148 Oh St 101, 73 N. E. (2) 504, 35 O. O. 91; Stenger v. Meyer, 19 Abs 304; Morris v. Huber, 15 Abs 71.

The court was in error in directing a verdict for the plaintiff and restricting the jury to a determination of the value of the Oldsmobile.

It was also an issue in the case as to whether or not the money received by the defendant was that of the plaintiff or her husband. A receipt is not conclusive and the fact that the written order indicated the money was received from the plaintiff does not preclude the defendant from showing, by parol evidence, that the money paid on the contract was received from and was the property of Charles O'Brien.

Dean v. King, 22 Oh St 118; Page & Co. v. Ry. 2 Dec. Rep. 716; Wood v. Perry, Wright, 240.

There is evidence in the record tending to show that the money paid in cash on the purchase of the Hudson automobile, or at least part of it, was the property of Charles O'Brien. This issue should have been submitted to the jury under proper instructions from the court. A minor in disaffirming an executed sale is entitled to recover back only such property as was that of the minor, and which the minor parted with in the transaction. Whether or not the Oldsmobile which was turned in was the property of the plaintiff, or her husband, was also an issue in the case. The husband testified that he purchased the car and then transferred it to his wife to save it from being taken from him in a proceeding in bankruptcy. This evidence directly contradicted the plaintiff's claim of a gift. Even though the certificate of title indicated that she was the owner of the legal title, yet, if a gift was not intended when the title was put in her name and the purpose was to keep it out of the reach of Charles O'Brien's creditors, she would then hold the title in trust for her husband. Douglas v. Hubbard, 91 Oh Ap 200, 107 N. E. (2) 884, 48 O. O. 308.

It must logically follow that so long as the trust property can be identified, even though changed in character by trading one automobile for another, the trust relationship continues with respect thereto. There is evidence in the record in support of the claim of the defendant that it was the intention of Charles O'Brien to have title to the Hudson automobile put in his name, which evidence, together with the surrounding circumstances, would strongly tend to establish that the trust relationship with respect to the Hudson automobile was to continue under the same circumstances as was claimed as to the Oldsmobile, if such trust relationship is found to have been established.

It is a well recognized principle of law that an infant is bound by and cannot disaffirm an obligation imposed by law. Burlovic v. Farmer, Admr., 162 Oh St 46, 115 N. E. (2) 411. Funds expended for sales tax under §5739.03 R. C., fees expended to secure from the county clerk a certificate of title to a motor vehicle, and for the transfer of automobile license plates, are obligations of the purchaser and are imposd by law. The court was therefore in error in instructing the jury that money paid to the defendant to defray such obligations could be recouped' by an infant in disaffirming

the purchase of an automobile. We therefore sustain the defendant's second claim of error.

The right of an infant upon the disaffirmance of the purchase of personal property, is to receive back that which the infant parted with as consideration for the contract. If the plaintiff was the owner of the property in the Oldsmobile, then upon disaffirmance she would be entitled to have the Oldsmobile returned to her, or if the other party to the contract has put it beyond his power to return the automobile then the value thereof would be the basis of recovery. But plaintiff's petition does not seek the return of the Oldsmobile but alleged that the consideration for the purchase of the Hudson automobile was money which admittedly was not the fact. There was, therefore, a variance between the petition and the proof.

Sec. 2317.49 R. C. provides:

"No variance between the allegations in a pleading and the proof is material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. When it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court. It also must be shown in what respect he has been misled. Thereupon the court may order the pleading to be amended upon such terms as are just."

The defendant should have been apprised of the fact that the value of the Oldsmobile would be an issue in the case if he was unable to return it in determining plaintiff's right to recover if and when her right to recover what was parted with in consideration for the purchase of the Hudson automobile is established. The court should have required the plaintiff to amend her petition to conform to the proof and sustained the defendant's objections to evidence until the amendments had been made.

The defendant, however, being a dealer in motor vehicles, would be prepared to meet evidence as to the value of an automobile without great difficulty. So as to him the variance was not so material as to require a reversal of the case if it were not for the other errors herein considered.

The court, over the objection of the defendant, permitted plaintiff's husband to testify as to the value of the Oldsmobile. To do so constituted error prejudicial to the rights of the defendant. His right to testify as to the value of a motor vehicle (not being or claiming to be an expert on that subject) could only be based on the fact that he was the owner. If he was the owner, then the plaintiff could not claim its value after the disaffirmance of the contract for the claimed purchase of the Hudson. If he did not own the Oldsmobile, then he was clearly incompetent to give his opinion of its value.

One other question is presented by the record. The court failed to send certain exhibits (certificates of title) to the jury room while the jury was deliberating on its verdict. The reason given for not doing so was that the county clerk refused to leave his records with the trial court after they had been received in evidence. Such reason is without merit. The court, not the county clerk, is vested with the right to determine whether or not a public record shall be received in evidence and when so received, such record must be treated as all other exhibits in the case. If an agreement that a photostatic copy may be substituted is not possible, then the court

has no alternative except to see to it that the exhibit remains in the evidence.

For the foregoing reasons, the court sustains all of the errors claimed by the defendant. The judgment of the Municipal Court of Cleveland is therefore reversed and the cause is remanded for further proceedings according to law. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, concur.