JOURNAL ENTRY AND OPINION
Martin Lax appeals from a March 13, 1998 decision of the common pleas court to grant partial summary judgment in favor of Albert Bokar on his complaint to set aside the fraudulent conveyance of money from Lax to his daughter and from a January 2, 1999 judgment entered pursuant to a jury verdict of $650.00 [sic] in compensatory damages, $7,671.00 in punitive damages, and $13,500.00 in attorney fees resulting from that action.
On appeal, Lax asserts judicial error in granting the summary judgment and in failing to direct a verdict at the close of Bokars case; he challenges the compensatory and punitive damages verdicts as being against the weight of the evidence; and he avers the court's ruling on Bokar's motion in limine to exclude evidence of a contingency fee agreement influenced the jury's decision to award attorney fees. After a review of these matters, we have concluded the compensatory damage award is speculative, and therefore must be vacated; and because of that, the award of punitive damages and attorney fees is improper. Accordingly, we vacate the judgment of the court and enter final judgment for Lax.
On July 23, 1988, Lax, Bokar, and Hamp Belle, Jr. entered into joint venture to build a single-family dwelling in the Wood Lake Subdivision of Medina Township. After a dispute arose concerning payment of expenses, Bokar sued Lax in the Medina County Common Pleas Court and, on October 16, 1996, a jury returned a verdict in favor of Bokar against Lax in the sum of $50,880.35.
On October 18, 1996, Lax withdrew $38,504.27 from his checking account at Commerce Exchange Bank and deposited the money in an account he opened at that bank in the name of his adult daughter, Marianne Limoli. In an effort to collect the $50,880.35 judgment, Bokar filed a bank attachment against Lax at Commerce Bank, but the bank returned it unsatisfied.
Lax also appealed the $50,880.35 judgment to the Ninth District Court of Appeals, and during the pendency of that appeal, Bokar obtained a second judgment against Lax for attorney fees incurred in the original Medina litigation. After consideration of the Medina appeal, the Ninth District Court of Appeals vacated the judgment for attorney fees and reduced the original judgment to $33,260.00; in response Lax deposited $38,010.00 with the Medina County Clerk of Court, Bokar received that sum, and the trial court eventually satisfied that judgment.
The cause of action which gives rise to this appeal began as a foreclosure action against Lax in an effort to collect the attorney fee judgment, which has since been vacated by the Ninth District Court of Appeals. However, Bokar amended the action on September 9, 1997 to include a count to set aside the alleged fraudulent conveyance of the funds in his account at Commerce Bank.
During discovery, Lax admitted he withdrew $38,504.27 from his personal checking account on October 18, 1996, purchased a bank check in his name, and opened an account in Limoli's name. Lax did not owe his daughter any money at the time he transferred the funds, and he knew of Bokar's judgment against him, He denied that he intended to hinder Bokar's collection of the judgment and stated that he transferred the funds so that his daughter would have access to them due to his poor physical condition. However, the record reveals that Limoli did not write any checks on the account, and Lax exercised complete control over the account paying checks to creditors after he knew of the judgment against him.
Limoli testified that she did not have any bank accounts at Commerce Exchange Bank, and even though she signed a signature card, she was surprised to learn that an account containing $38,504.27 had been opened in her name.
Lax filed an answer and counterclaim against Bokar. The court granted partial summary judgment in favor of Bokar, and on January 11, 1999, the court conducted a trial on the issue of damages only. Bokar testified in his case-in-chief that his damages included failure to receive immediate payment and also the expense of enlisting counsel to collect the judgment. When Lax's counsel questioned Bokar concerning his fee agreement with his attorney, Bokar stated that in the Medina County litigation, he negotiated a contingency fee agreement, but in this case, he had an hourly fee arrangement.
At the close of Bokar's case, Lax moved for a directed verdict, which the court denied. Lax proceeded with his case and testified that he did not intend to defraud Bokar and had transferred the money into his daughter's name to ensure that he had enough money to post bond and to pay bills. Further, Lax testified that he did not consider the judgment in the prior litigation to be a final order because he had appealed the trial court judgment.
At the close of the trial, Lax tried to admit Bokar' s contingency fee agreement "into evidence, but the court excluded it. The court charged the jury on compensatory, nominal, and punitive damages and also advised the jury about attorney fees. The jury returned verdicts of $600.00 as compensatory damages, $7,671.00 as punitive damages, and also awarded attorney fees against Lax. Following dismissal of the jury, the court conducted a separate hearing and awarded Bokar $13,500 in attorney fees.
Lax now appeals from the court's decision to grant partial summary judgment and the jury's award of damages, and he presents six assignments of error for our review. Since the first three assignments of error are interrelated, they will be considered together.
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE.
 II. THE TRIAL COURT ERRED IN FAILING TO CONSTRUE THE EVIDENCE MOST STRONGLY AGAINST APPELLEE.
 III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHICH WAS CONTRARY TO LAW.
Lax contends summary judgment is not appropriate in this case because the record does not indicate that Lax transferred the funds from his bank account with the intent to defraud Bokar, and a judgment for monetary damages is not an available remedy in this case. Bokar maintains Lax failed to support any of his claims, and the court had evidence of a fraudulent post-judgment transfer by Lax. The issue here concerns whether the court erroneously granted judgment in favor of Bokar.
We begin by noting Civ.R. 56 (C) concerns summary judgment and provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56 (E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
R.C. 1336.04 states in part:
 (A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
 (1) With actual intent to hinder, delay, or defraud any creditor of the debtor; * * *
Further, R.C. 1336.05 pertains to fraudulent transfers and obligations as to creditors with pre-existing claims and provides:
 (A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in. exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.
In this case, the record reflects that Lax testified that he withdrew $38,504.27 from his personal checking account, purchased a bank check made payable in his name, opened an account in Limoli's name, and deposited the funds. However, Lax claims he transferred the money to pay bills during the pendency of the appeal and that he did not believe the trial court judgment constituted a final order. These claims by Lax are not a proper basis to authorize the transfer of money from an account which is subject to collection. To support collection of a judgment on appeal, the Rules of Appellate Procedure provide for the posting of a supersedeas bond, which did not occur in this case.
According to R.C. 1336.05, the actions taken by Lax rendered him insolvent and suggest action taken to delay collection until the Ninth District Court of Appeals made a determination on his appeal. These actions were not proper. Accordingly, there is no genuine issue of material fact because the evidence demonstrates that Lax withdrew the money and deposited those funds into a different account; thus pursuant to R.C. 1336.04 and R.C. 1336.05, Bokar is entitled to judgment as a matter of law. Therefore, the trial court did not err in granting partial summary judgment for the fraudulent transfer of funds by Lax. Accordingly, these assignments of error are not well taken, and they are overruled.
 IV. THE TRIAL COURT ERRED IN NOT DIRECTING A VERDICT AT THE CLOSE OF APPELLEE'S CASE.
Lax argues the court erred when it did not direct a verdict in his favor because Bokar failed to prove his claim for damages. Bokar maintains that Lax waived any error because he failed to renew his motion for directed verdict at the close of all of the evidence. The issue here concerns whether the court correctly denied Lax's motion for a directed verdict.
We begin by noting Civ.R. 50 (A) provides:
 (4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
In Helmick v. Republic-Franklin Ins. Co., (1988), 39 Ohio St.3d 71, the court stated in its syllabus:
 1. When a motion for directed verdict is made by a defendant at the conclusion of the plaintiff's case and is overruled, the defendant's right to rely on the denial of that original motion as error is not waived when the defendant proceeds to present his evidence and defense as long as the motion is renewed at the conclusion of all the evidence. (Citation omitted.) (Emphasis added.)
In this case, the record reveals that at the close of Bokar's case, Lax moved unsuccessfully for a directed verdict; the court denied the motion. Lax proceeded with his case, however, he failed to renew his motion for a directed verdict at the conclusion of all of the evidence as required in Helmick. Thus, Lax waived this issue for the purpose of appeal, and accordingly, this assignment of error is overruled.
 V. THE JUDGMENT FOR COMPENSATORY DAMAGES AND PUNITIVE DAMAGES WAS AGAINST THE WEIGHT OF THE EVIDENCE.
Lax contends Bokar did not submit any evidence that he suffered damages as a result of Lax transferring funds from his bank account to Limoli except that he would have received immediate payment and would not have incurred legal expenses to collect the judgment. Bokar maintains that he was able to prove fraud, and the jury award is not against the manifest weight of the evidence. Thus, we consider whether the jury verdict is against the manifest weight of the evidence.
In Kraft Constr. Co. v. Cuyahoga County Bd. Of Commrs. (1998),128 Ohio App.3d 33, the court stated:
 In determining whether a trial court's judgment is against the manifest weight of the evidence, we are guided by the principles stated in Arnett v. Midwestern Ent., Inc. (1994), 95 Ohio App.3d 429 * * *:
 "We initially note that a judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. * * *.
In Locafrance U.S. Corp. v. Interstate Distribution Services,Inc., (1983), 6 Ohio St.3d 198, the court granted partial summary judgment and awarded $40,000.00 in compensatory damages for a fraudulent conveyance. The appellate court upheld an award of punitive damages and attorney fees. However, this case is distinguishable from Locafrance because, although Lax transferred funds into Limoli's name, he did so to prosecute an appeal. He prevailed on his claim because the Ninth District Court of Appeals determined that he did not owe $50,880.35, but rather $33,260.00. Subsequently, he paid the judgment into the Medina County Common Pleas Court prior to the amendment of this action on September 9, 1997, to set aside the fraudulent conveyance. At trial, Bokar did not prove compensatory damages; the record does not support an award of $600 in damages; and no evidence justifies such an amount; thus, we can only assume this award to be speculative. See,Broadvue Motors, Inc. v. Chief of Police (September 9, 1999), Cuyahoga App. No. 74808, unreported.
We have further considered that a verdict for nominal damages could support an award of punitive damages and attorney fees. See,O'Brien v. Small (1954), 101 Ohio App. 408. However, the $600 award cannot be classified as nominal damages. Nominal damages include:
 those damages recoverable where a legal right is to be vindicated against an invasion that has produced no actual loss of any kind, or where from the nature of the case some injury has be done, the amount of which the proof fails to show. 30 O. Jur.3d 2, Damages.
Further in its charge, the trial court instructed the jury that it could award nominal damages and stated that "nominal damages are generally $10 or less." Here, we conclude this is not a nominal damage award. This $600.00 compensatory damage verdict is speculative, and a judgment awarding such damages cannot be enforced; and neither punitive damages nor attorney fees can be awarded without an award of compensatory damages. See, Bishop v.Grdina (1985), 20 Ohio St.3d 26. Thus, we conclude the judgment is against the manifest weight of the evidence. Therefore, this assignment of error is well taken, and the award of compensatory and punitive damages and attorney fees is vacated.
 VI. THE TRIAL COURT ERRED IN GRANTING THE MOTION IN LIMINE TO PROHIBIT THE INTRODUCTION OF EVIDENCE.
Lax argues the court incorrectly granted Bokar's motion to exclude the evidence presented in the prior litigation, concerning the contingency agreement for attorney fees. Bokar maintains the court properly granted his motion in limine because Lax's proffer of the excluded exhibits were to demonstrate his innocence and the propriety of his post-judgment transfer, and the issue before the court pertained to damages. Further, Lax attempted to introduce the contingency fee agreement which is irrelevant and he failed to disclose it as an exhibit prior to trial. The issue here concerns whether the court improperly granted Bokar's motion in limine.
In Cincinnati Ins. Co. v. General Motors Corp. (October 28, 1994), Ottawa App. No. 94OT017, unreported, the court stated:
 The admission or exclusion of evidence by a trial court will not be reversed absent a clear and prejudicial abuse of discretion. * * * An abuse of discretion is more than an error in law or judgment; it connotes that a court's attitude in reaching its decision was arbitrary, unreasonable or unconscionable. * * *. (Citations omitted.)
In this case, Lax attempted to admit Bokar's contingency agreement with his attorney. At the close of the evidence, Bokar objected based on relevance and Lax's failure to list it as a possible exhibit. The court excluded the evidence because Bokar testified at trial that the contingency fee agreement between Bokar and his attorney pertained to the prior litigation. Thus, we cannot conclude the court's reasons for excluding the exhibit constituted an abuse of discretion when it did not pertain to the pending litigation. Accordingly, this assignment of error is overruled.
Judgment vacated.
It is, therefore, considered that said appellant recover of appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE. A.J., CONCURS; LEO M. SPELLACY, J., CONCURS IN PART AND DISSENTS IN PART (See Concurring and Dissenting Opinion attached)."
 _____________________________ JUDGE TERRENCE O'DONNELL
 CONCURRING AND DISSENTING OPINION