I concur with the majority's disposition of the first, second, third, fourth and sixth assignments of error. I also concur with the majority's analysis of the fifth assignment of error; however, I must respectfully dissent from the majority opinion as to the final disposition of this case.
In his fifth assignment of error, Lax asserted the judgment for compensatory damages and punitive damages was against the manifest weight of the evidence. Bokar failed to present any evidence of compensatory damages at trial. On appeal, the majority opinion has correctly held that the $600.00 compensatory damage verdict was speculative and against the manifest weight of the evidence. The majority has vacated the compensatory damage award and, because punitive damages and attorney fees cannot be awarded without an initial award of compensatory damages, the majority has also vacated the award of punitive damages and attorney fees.
However, the jury's underlying determination that Lax was culpable for a fraudulent conveyance was not against the manifest weight of the evidence. A party who proves tortious and fraudulent conduct is entitled to judgment and nominal damages even though no damage is shown. O'Brien v. Small (1954), 101 Ohio App. 408, 412. See also 30 Ohio Jurisprudence 3d (1981, Supp. 1994), Damages, Section 6 ("Nominal damages are often given in actions ex delicto,
though no actual damage was sustained or could be proved. * * * So too if there is a proper cause of action for fraud and deceit, the plaintiff is at least entitled to nominal damages even though no testimony is introduced as to actual damages.")
I agree with the majority's determination that the $600.00 compensatory damage verdict did not constitute nominal damages. However, the jury's determination that Lax was guilty of a fraudulent conveyance survives this appeal, notwithstanding this court's judgment entry vacating the award of compensatory damages, punitive damages, and attorney fees.
The appropriate final disposition of this appeal should be to remand this case to the court of common pleas for a new trial on the issue of damages only. Bokar is entitled to nominal damages and, possibly, punitive damages depending on the determination of a jury. I dissent from the majority final disposition of this case because it forecloses an opportunity for a proper award of damages even though Bokar has clearly proven his fraudulent conveyance case.