622 F.Supp. 302 (1983)
Raymond F. WEHNER, Victoria Jean Maxwell, John Steven Lynn, and Noel Robison individually and trading as Robison Enterprises Excavating & Heavy Equipment Repair, on behalf of themselves and all others similarly situated, Plaintiffs,
v.
SYNTEX CORPORATION; Syntex Agribusiness, Inc.; the Charter Company; Independent Petro-Chemical Corp.; Charter Oil Co.; Northeastern Pharmaceutical & Chemical Company; and Edwin Michaels, Milton Turkel, Daniel Schneider, Bernard Bortz and John Lee, as Trustees of the Last Board of Directors of Northeastern Pharmaceutical & Chemical Company, Defendants.
No. 83-642 C (2).
United States District Court, E.D. Missouri, E.D.
December 30, 1983.
Murry A. Marks, John Doskocil, Constatin Pulos, Doskocil & Pulos, St. Louis, Mo., Arnold Levin, Laurence S. Berman, Levin & Fishbein, Alan Kanner, Philadelphia, Pa., for plaintiffs.
Paul S. Brown, Brown, James & Rabbitt, St. Louis, Mo., George Weisz, Cleary, Gottlieb, Steen & Hamilton, New York City, for Independent Petrochemical.
Roberts & Heneghan, Inc., W. Munro Roberts, Jr., Ted L. Perryman, St. Louis, Mo., for defendants, Northeastern Pharmaceutical & Chemical Co.; Edwin Michaels, John Lee, Milton Turkel.
Lewis & Rice, F. Wm. McCalpin, Richard A. Ahrens, St. Louis, Mo., Stephen D. Busey, James J. Taylor, Jr., Smith & Hulsey, *303 Jacksonville, Fla., for Charter Co. and Charter Oil Co.
Hunton & Williams, Joseph M. Spivey, III, Richmond, Va., Robert L. Driscoll, Stinson, Mag & Fizzell, Kansas City, Mo., John J. Cole, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for Syntex Corp.
Steven R. Baer, Brian G. Donohue, Environmental Enforcement Sec., Land & Natural Resources Div., U.S. Dept. of Justice, Washington D.C., Cheryle Micinski, Asst. Regional Counsel, Region VII, U.S. E.P.A., Kansas City, Kan., Keith Onsdorff, Ken Farber, Stuart Hunt, Julie Becker, U.S. E.P.A., Washington D.C., for E.P.A.

MEMORANDUM ON MOTION TO DISMISS
FILIPPINE, District Judge.
This matter is before the Court on the motion of Independent Petrochemical Corporation (IPC) to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. This litigation arises out of the activities of Russell Bliss, who although not a party to this litigation, disposed of dioxin laden oil. The plaintiffs allege that "Russell Bliss worked under sub-contract with IPC," and further assert that "IPC ... knew or should have known the nature and substance of Russell Bliss's activities." Plaintiffs seek to recover necessary response costs[1] under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA), codified at 42 U.S.C. § 9601-9657. In addition plaintiffs seek damages and injunctive relief based upon various state law claims through the use of this Court's discretionary power of pendent jurisdiction.[2]
CERCLA was passed by Congress in response to the growing threat to life and well-being posed by hazardous substances and toxic wastes. CERCLA provides "both a comprehensive regulatory scheme for, and a revenue procedure to fund federal responses to, releases of hazardous substances." Dore, The Standard of Civil Liability for Hazardous Waste Disposal Activity: Some Quirks of Superfund, 57 Notre Dame Law 260 (1981). CERCLA, inter alia, created a hazardous substance response trust fund commonly known as the superfund. 42 U.S.C. § 9631. This fund is to be used in the payment of "governmental response costs in the cleanup of hazardous substance deposits and spills." Dore, supra, 57 Notre Dame Law at 268. 42 U.S.C. §§ 9611, 9631(c)(1)(A). The fund also allows "payment of any claim for any other person as a result of carrying out the national contingency plan ... [p]rovided, however, that such costs must be approved under said plan and certified to the responsible federal official." 42 U.S.C. § 9611(a)(2).[3]
In addition to claiming against the fund CERCLA allows any person to recover necessary response costs consistent with the national contingency plan from "any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities or sites selected by such persons, from which there is a release, or a threatened release which causes *304 the incurrence of response costs...." This limited right of private action is "notwithstanding any other provision or rule of law," and subject only to certain specified defenses. 42 U.S.C. § 9607(a). Plaintiffs are asserting a claim against defendants under 42 U.S.C. § 9607.
Defendant IPC asserts, however, that the requirements to be followed when a person is presenting a claim for response costs under the fund must be followed when seeking recovery of response costs against an entity or individual under 42 U.S.C. § 9607. The clear meaning of the statute, however, cannot bear this interpretation. In assessing liability for response costs against those liable under 42 U.S.C. § 9607, CERCLA clearly indicates that liability under § 9607 is not subject to any other provision or rule of law. Thus, liability under 42 U.S.C. § 9607 cannot possibly be governed by the requirements of 42 U.S.C. § 9611 for recovery of response costs under the fund. Plaintiffs therefore do state a claim under CERCLA.
The liability under 42 U.S.C. § 9607 for response costs, however, is limited and far different from the type of liability plaintiffs seek to impose upon defendants under their state law claims. The plaintiffs' complaint asserts nine different Missouri state law cases of action and involves many complex questions of state law. The legal and factual questions on these state law causes of action clearly substantially predominate the limited issues raised under the CERCLA claim. It is well settled that when "it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." United Mine Workers v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Accordingly, in the exercise of its discretion, this Court determines that plaintiffs' state law claims should be dismissed without prejudice.

MEMORANDUM AND ORDER
This matter is before the Court on the motion of Syntex Corporation to dismiss for lack of personal jurisdiction. Syntex asserts that it lacks sufficient minimum contacts with the state of Missouri to warrant this Court's exercise of personal jurisdiction over them.
The only claim now pending before this Court is a federal claim under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), codified at, 42 U.S.C. §§ 9601-9657. Syntex's motion for dismissal, however, centers upon the personal jurisdiction of a federal district court in a diversity action. This suit, however, is no longer based upon diversity or pendent claim. The parties, therefore, should submit memoranda on the proper exercise of personal jurisdiction in a suit based upon federal law.
In accordance with the foregoing,
IT IS HEREBY ORDERED that Syntex Corporation shall have 15 days from the date of this Order to submit memoranda on the basis of personal jurisdiction in an action based upon federal law. The plaintiff shall have 10 days thereafter to submit memoranda in opposition to the memoranda submitted by the defendants.
NOTES
[1] Respond or response as used in CERCLA means "remove, removal, remedy and remedial action." 42 U.S.C. § 9601(25) involving a hazardous substance.
[2] Originally the plaintiffs sought to invoke this Court's jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1331, but now concede that there is not complete diversity as required under Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Thus the sole basis for the state law claim contained within plaintiffs' complaint is the discretionary doctrine of pendent jurisdiction outlined in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
[3] The national contingency plan in CERCLA is defined to be "the national contingency plan published under section 1321(c) of Title 33 or revised pursuant to section 9605 of this title." CERCLA required the National Contingency Plan to be revised within 180 days of the enactment of CERCLA. 42 U.S.C. § 9605. The Plan, however, was not revised within the prescribed time and on February 12, 1982, the District Court for the District of Columbia ordered the EPA to publish the revised Plan after providing opportunity for public comment. The EPA published its final version of the revised plan on July 16, 1982. 47 Fed.Reg. 31180 (1982) (to be codified at 40 C.F.R. § 300).