**Virgil ADAMS, et al., Plaintiffs,**

v.

**REPUBLIC STEEL CORPORATION and Republic Builders Products, Inc., Defendants.**

**No. 82–1106.**

United States District Court, W.D. Tennessee, E.D.

Oct. 31, 1985.

Allan Kanner, Philadelphia, Pa., Gayden Drew, IV, and T. Robert Hill of Hill, Boren & Strickland, P.C., Jackson, Tenn., and Newton B. Schwartz, Houston, Tex., for plaintiffs.

Thomas R. Prewitt, Sr., and Fred M. Ridolphi, Jr., of Armstrong, Allen. Braden, Goodman, McBride & Prewitt, Memphis, Tenn., for defendants.

## MEMORANDUM OPINION
## AND ORDER

TODD, District Judge.

Defendants have filed a motion to dismiss on the grounds that this court lacks

subject matter jurisdiction to hear this cause of action. For the reasons set forth herein, this motion is granted in part and denied in part.

The original complaint in this case was filed on April 27, 1982, by thirty named plaintiffs on behalf of themselves and others similarly situated. In their complaint, plaintiffs alleged that the defendants owned and operated a steel door manufacturing plant in McKenzie, Tennessee, and that toxic chemicals were emitted by defendants in the operation of the plant. These emissions were further alleged to have exposed the plaintiffs to highly toxic chemicals and to have resulted in serious environmental and health problems. The complaint, seeking damages, injunctive relief, and attorneys fees, was based upon violation of The Tennessee Air Quality Act, Tenn.Code Ann. § 68–25–101 *et seq.* (1983); violations of the following federal statutes: The Clean Air Act, 42 U.S.C. § 7401 *et seq.,* The Toxic Substances Control Act, 15 U.S.C. § 2601 *et seq.,* and The Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.;* and the following theories of common law liability: negligence, nuisance, trespass, strict liability, assault and battery, and intentional infliction of emotional distress.

The complaint alleged that this court has jurisdiction to hear this matter on the basis of diversity of citizenship of the parties, alleging that defendants are foreign corporations and that all plaintiffs are Tennessee citizens. In their answer, defendants corrected the name of one defendant to Republic Builders Products Corporation (Republic Builders) and admitted the citizenship of the parties. Defendants later moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that Republic Builders had its principal place of business in Tennessee and was thus a citizen of Tennessee under 28 U.S.C. § 1332(c). As such, defendants argued that complete diversity of citizenship would no longer exist and that this court lacked jurisdiction.

In response to that motion, plaintiffs moved to amend their complaint to reflect the places of incorporation and principal places of business of the two defendants. Plaintiffs denied that defendant Republic Builders' principal place of business was in Tennessee and alleged that Republic Builders' principal place of business was actually that of defendant Republic Steel Corporation (Republic Steel). Plaintiffs also alleged in response to the defendants' motion to dismiss that this court has subject matter jurisdiction under 28 U.S.C. § 1331 due to the alleged violations of federal statutes. Finally, plaintiffs submitted a motion to file an amended complaint, in which they alleged that this court has jurisdiction on principles of diversity, federal question, and pendent jurisdiction. In their responses to the proposed amendments, defendants again asserted that no diversity existed and also contended that the alleged violations of the federal statues were not sufficient to confer federal question jurisdiction.

## I.  DIVERSITY OF CITIZENSHIP AS A BASIS FOR JURISDICTION

█ Under 28 U.S.C. § 1332(a)(1), district courts have subject matter jurisdiction in civil actions seeking damages in excess of $10,000 when the opposing parties are citizens of different states. The diversity required is that of complete diversity, that is, each defendant must be a citizen of a different state from each plaintiff. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). For the purposes of determining diversity of citizenship, a corporation is considered a citizen of both the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

Both Republic Steel and Republic Builders were incorporated in New Jersey. As noted above, plaintiffs' complaint alleged that both defendants have their principal place of business in Ohio. Defendants conceded that Republic Steel's principal place of business was in Ohio but asserted that Republic Builders' principal place of busi-

ness was in Tennessee. To support this assertion, defendant Republic Builders offered excerpts of a deposition of Mr. Lowell Marshall, the president of Republic Builders. Mr. Marshall testified that Republic Builders is a New Jersey corporation entirely separate from defendant Republic Steel and that its principal place of business was its manufacturing plant in McKenzie, Tennessee. To rebut this assertion, plaintiffs also relied upon Mr. Marshall's deposition, in which he stated that Republic Builders had offices in Atlanta, Houston, and Los Angeles, as well as its Tennessee offices located in Dyersburg, McKenzie, and Jackson. Plaintiff also noted that Mr. Marshall testified that Republic Builders is a wholly owned subsidiary of Republic Steel, that Republic Builders conducts business in all fifty states and several foreign countries, and that four of the seven board members of Republic Builders are employed by Republic Steel, including Republic Steel's chairman, vice-chairman, and vice-president. Based upon these facts, plaintiffs contend that Republic Steel exercises an undue degree of control over Republic Builders and that this court should pierce Republic Builders' corporate veil to find that its principal place of business is the same as that of its parent corporation.

Determination of a corporation's principal place of business involves a question of fact and consideration of such factors as "the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of the operations." C. Wright, The Law of Federal Courts § 27, at 152 (4th ed. 1983). Although it may be somewhat unrealistic to label any one place as the "principal place of business" of a corporation that transacts business in many states, application of 28 U.S.C. § 1332(c) requires such a label. In order to make this determination, various tests have been developed by the courts, including the "home office" and "nerve center" tests. Wright, *supra*. These tests have been incorporated into a "total activity" test, which examines both production or sales activities and managerial or policy

making activities of a corporation. *See, e.g., Vareka Inv., N.V. v. American Inv. Properties, Inc.,* 724 F.2d 907, 910 (11th Cir.) *cert. denied,* —— U.S. ——, 105 S.Ct. 107, 83 L.Ed.2d 51 (1984); *Toms v. Country Quality Meats, Inc.,* 610 F.2d 313, 315 (5th Cir.1980).

The only evidence offered by both sides on the issue of Republic Builders' citizenship are the deposition and affidavits of Mr. Marshall. Mr. Marshall's uncontroverted testimony discloses that all manufacturing by Republic Builders occurs in Tennessee and that the offices in other states are only sales offices. According to Mr. Marshall, Republic Builders central office is located at the manufacturing plant in McKenzie, Tennessee, and even though Republic Builders is wholly owned by Republic Steel, all policy decisions of Republic Builders are made by Mr. Marshall as its president. In light of this evidence, this court finds that Republic Builders' principal place of business was in Tennessee.

■■■■ This finding does not end the analysis if, as plaintiffs urge, the corporate existence of Republic Builders is a mere fiction. In such cases, the court may pierce the corporate veil to find that the subsidiary's principal place of business is actually that of the parent corporation. *See e.g., Fritz v. American Home Shield Corp.,* 751 F.2d 1152, 1153 (11th Cir.1985); *de Walker v. Pueblo Int'l., Inc.,* 569 F.2d 1169, 1172–73 (1st Cir.1978); *Amarillo Oil Co. v. Mapco, Inc.,* 99 F.R.D. 602, 603 (N.D.Tex.1983). These cases indicate, however, that "creation of diversity jurisdiction is one of the least compelling reasons for disregarding" the separate corporate existence of a subsidiary. *Amarillo Oil, supra,* at 604. The fact that a corporation is a wholly owned subsidiary of another does not alone justify such disregard for separate corporate existence. *Velandra v. Regie Nationale des Usines Renault,* 336 F.2d 292, 296 (6th Cir.1964). Piercing of the corporate veil in order to find diversity jurisdiction should be limited to cases in which the "corporate separation is fictitious, or ... the parent has held the subsid-

iary out as its agent, or, ... the parent has exercised an undue degree of control over the subsidiary." *Id.*

In determining whether a parent corporation has exercised such undue control over a subsidiary, Tennessee courts use the "instrumentality rule." *Continental Bankers Life Ins. Co. v. Bank of Alamo,* 578 S.W.2d 625, 632 (Tenn.1979). Under this test, a subsidiary corporation will be found to be the instrumentality of its parent if (1) the parent exercises complete dominion over the finances, policy, and business practices of its subsidiary; (2) this parental dominion is used to commit some fraud of wrong; and (3) is the proximate cause of the alleged injury. *Id.* Plaintiffs have not alleged sufficient facts in this case to show complete dominion of Republic Builders, thereby warranting disregard for its corporate existence. As noted above, mere ownership of Republic Builders by Republic Steel is not sufficient evidence of control over the day to day operations of Republic Builders. *Velandra, supra. See also Latham v. Technar, Inc.,* 390 F.Supp. 1031, 1037 (E.D.Tenn.1974); *Garrett v. Southern Ry. Co.,* 173 F.Supp. 915, 916 (E.D.Tenn.1959), *aff'd,* 278 F.2d 424 (6th Cir.), *cert. denied,* 364 U.S. 833, 81 S.Ct. 49, 5 L.Ed.2d 59 (1960). Plaintiffs have made no allegations that the two corporations failed to follow the formalities of separate corporate existence, that the funds of the corporations were commingled, or that the corporate existence of Republic Builders was a subterfuge. In light of Mr. Marshall's testimony that he makes all policy decisions of Republic Builders as its president, membership of four Republic Steel employees on the seven member board of Republic Builders is not dispositive of the issue of control. Even though the presence of Republic Steel's employees on the board of directors of Republic Builders undoubtedly affects Mr. Marshall's decisions in the management of Republic Builders, no evidence has been introduced to indicate that such influence amounts to an undue degree of control over the decisions of Mr. Marshall.

This court recognizes that corporate separation in the parent-subsidiary setting may at times be "merely formal;" however, the separate existence must be recognized unless the facts indicate that it is "pure fiction." *Cannon Manufacturing Co. v. Cudahy Packing Co.,* 267 U.S. 333, 337, 45 S.Ct. 250, 251, 69 L.Ed. 634 (1925) (Brandeis, J.). Accordingly, this court finds that plaintiffs have not alleged sufficient facts to warrant disregard for Republic Builders' corporate existence. Because Republic Builders' principal place of business has been determined to be in Tennessee, complete diversity of citizenship between the parties does not exist and this court does not have subject matter jurisdiction of this cause under 28 U.S.C. § 1332(a).

## II. FEDERAL QUESTION JURISDICTION

In their complaint, plaintiffs also alleged violation of three federal statutes but did not allege that these alleged violations gave this court subject matter jurisdiction pursuant to 28 U.S.C. § 1331. In their proposed amendments to the complaint, however, plaintiffs specifically alleged the existence of federal question jurisdiction.

On this motion to dismiss under Rule 12(b)(1), defendants make a facial attack on the complaint's allegation of subject matter jurisdiction. In such a motion, all allegations of jurisdiction in the complaint are presumed to be true. *Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 731 (11th Cir.1982); *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Plaintiffs' proposed amendment to the complaint, if accepted as true, would be sufficient for this court to find subject matter jurisdiction pursuant to the alleged violations of the federal statutes. The probability of plaintiffs' success on the merits of their claim has no bearing on the existence of subject matter jurisdiction. *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). Accordingly, a complaint that appears to state a cause of

action under a federal statute should be dismissed only when the claim is clearly "immaterial" or is "wholly insubstantial and frivolous." *Id.* at 682–83, 66 S.Ct. at 776–77; *Local Div. 1285, Amalgamated Transit Union v. Jackson Transit Auth.,* 650 F.2d 1379, 1381–82 (6th Cir.1981), *cert. denied,* 457 U.S. 15, 102 S.Ct. 2202, 72 L.Ed.2d 639 (1982).

■ In order to ascertain if plaintiffs' claims are immaterial or insubstantial, the federal statutes in question must be examined to determine if plaintiffs have causes of action under those statutes. A private right of action to enforce air pollution prevention under 42 U.S.C. § 7401 *et seq.* is provided for in 42 U.S.C. § 7604. This right of action is limited, however, to actions to restrain violations of emission standards or to force the Environmental Protection Agency to perform certain non-discretionary duties required by the Clean Air Act. 42 U.S.C. § 7604(a). Although attorney's fees and court costs may be recovered in such an action under 42 U.S.C. § 7604(d), compensatory damages are not available. *Gardeski v. Colonial Sand & Stone Co., Inc.,* 501 F.Supp. 1159, 1160 n. 1 (S.D.N.Y.1980). Accordingly, actions seeking compensatory damages under the Clean Air Act do not state a claim for which federal question jurisdiction exists.

■ The statute giving a private right of action under the Toxic Substances Control Act (TSCA), 15 U.S.C. § 2619, is worded similarly to that in the Clean Air Act. In fact, the legislative history of the TSCA expressly states that the provision creating a private right of action was "modeled after similar provisions in the Safe Drinking Water Act, Consumer Product Safety Act, Clean Air Act, Federal Water Pollution Control Act, and Noise Control Act." S.Rep. No. 698, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.Code Cong. & Ad. News 4491, 4499. According to the Sen-

ate's Commerce Committee Report, the purpose of the TSCA was "to *prevent* unreasonable risks of injury to health or the environment associated with ... chemical substances." *Id.* at 4491 (emphasis supplied).

No cases have been found expressly stating that compensatory damages are not available under 15 U.S.C. § 2619. Construing a similarly worded statute [1] providing for private actions under the Federal Water Pollution Control Act (FWPCA), the Supreme Court held that private remedies not expressly provided for in that act would not be implied. *Middlesex Cty. Sewerage Auth. v. Sea Clammers,* 453 U.S. 1, 18, 101 S.Ct. 2615, 2625, 69 L.Ed.2d 435 (1981). Due to the similarity expressed in the legislative history of the TSCA between it and the FWPCA, this court finds the *Sea Clammers* case controlling. In light of that case and the legislative history of the TSCA, this court holds that this private action for compensatory damages under the TSCA fails to state a cause of action under a federal statute so as to give this court federal question jurisdiction.

■ Finally, plaintiffs alleged that defendants violated the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601. Private rights of action under CERCLA are provided for in 42 U.S.C. § 9607(a)(4) and have not been found to be as limited as those under the Clean Air Act and the Toxic Substances Control Act. Under section 9607(a)(4)(B), a party may recover "response costs," which have been stated to include such costs as medical testing and loss of use of wells for drinking water. *Jones v. Inmont Corp.,* 584 F.Supp. 1425, 1429 (S.D.Ohio 1984). These costs must be part of a "clean up" or response to a hazardous waste problem, however, and a private right of action for damages only is not available under the Act.[2] *City of Philadel-*

---

1. 33 U.S.C. § 1365.

2. As noted by Senator Albert Gore, Jr., while he was a member of the House Interstate and Foreign Commerce Committee considering CERC-

LA, "A clear, uniform federal law defining a victim's cause of action [for damages arising from release of hazardous wastes] is sorely needed but [this] bill does not provide one." A. Gore, Jr., Additional Views for "Superfund" Re-

*phia v. Stepan Chemical Co.*, 544 F.Supp. 1135, 1146 (E.D.Pa.1982).

Although plaintiffs have not specifically alleged that they have incurred response costs recoverably under CERCLA, this court finds that they have alleged sufficient facts to warrant a finding that a claim has been stated "arising under" CERCLA. To the extent that plaintiffs may have suffered actual injury that may be remedied by an award of response costs, it cannot be said that their claim is immaterial or wholly insubstantial. Accordingly, this court finds that subject matter jurisdiction exists under 28 U.S.C. § 1331 and defendants' motion to dismiss the CERCLA claim under Rule 12(b)(1) is denied.

### III. PENDENT JURISDICTION

Having found that sufficient facts were alleged in the complaint to give this court subject matter jurisdiction over the alleged violations of a federal statute, it must now be determined if pendent jurisdiction should be exercised over the state tort claims also presented. Although there may not be independent grounds for the exercise of jurisdiction over a party's claim, the doctrine of pendent jurisdiction gives the court discretion in the interests of "judicial economy, convenience and fairness to the litigants" to try all of a plaintiff's claims in one proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). In order for a court to exercise pendent jurisdiction over a state claim, the federal claim must be substantial and the federal and state claims "must derive from a common nucleus of operative fact" and be so related that a party would normally be expected to try them all in one judicial proceeding. *Id.* at 725, 86 S.Ct. at 1138. Once a finding is made that jurisdiction may be exercised, the statute creating the federal claim must be examined to determine if it expressly or implicitly negates the exercise of pendent jurisdiction over the state claim. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57

L.Ed.2d 274 (1978). Finally, it should be noted that the exercise of pendent jurisdiction is one of discretion. As such, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs, supra,* 383 U.S., at 726–27, 86 S.Ct. at 1139–40.

As discussed above, for the purposes of finding subject matter jurisdiction, plaintiffs have arguably presented a substantial federal claim to recover response costs under CERCLA. Furthermore, both the state and federal claims appear to have arisen out of a common nucleus of operative fact, owing their existence to Republic Builders' operation of a steel door manufacturing plant in McKenzie, Tennessee, and the alleged emissions of toxic chemicals during that operation. Whether these claims are so related that a plaintiff would normally be expected to try them in one judicial proceeding is not as clear. It is clear, however, that the state claims for damages predominate over any claim presented under CERCLA. Furthermore, because private actions for damages other than response costs are not available under CERCLA, *Stepan Chemical, supra,* it appears that pendent jurisdiction over a state claim for tort damages is implicitly negated by CERCLA. *Kroger, supra.*

Further support for such a holding can be found in an unreported case from the Eastern District of Missouri, *Wehner v. Syntex Corp.*, 622 F.Supp. 302 (E.D.Mo. 1983). The plaintiffs in *Wehner* had filed an action against several chemical companies, alleging that the companies were responsible for the improper disposal of dioxin-containing oil. Plaintiffs alleged that they were entitled to response costs under CERCLA and also sought damages and injunctive relief based upon various state law claims. As in this case, the plaintiffs initially alleged diversity jurisdiction,

port, *reprinted in* 1980 U.S.Code Cong. & Ad. News 6139, 6141.

but complete diversity was found not to exist. The *Wehner* court was then urged by the plaintiffs to exercise pendent jurisdiction over the state claims.

After reviewing the provisions of CERCLA, the court turned to the issue of pendent jurisdiction and stated:

> The liability under 42 U.S.C. § 9607 for response costs, however, is limited and far different from the type of liability plaintiffs seek to impose upon defendants under their state law claims. The plaintiffs' complaint asserts nine different Missouri state law cases [sic] of action and involves many complex questions of state law. The legal and factual questions on these state law causes of action clearly substantially predominate the limited issues raised under the CERCLA claim.

Slip op. at 4. The court then declined to exercise pendent jurisdiction and dismissed the state claims without prejudice. Although plaintiffs attempted to distinguish the *Wehner* case by noting that it also involved a large number of pending state actions not before that court, this court finds that the situation in *Wehner* is not distinguishable from the present case. Both cases alleged violations of CERCLA and sought to assert numerous state common law claims on the basis of pendent jurisdiction. As noted above, this court, like the *Wehner* court, finds that the state law claims predominate over the relatively limited CERCLA claim. Accordingly, this court declines to exercise pendent jurisdiction over the state tort claims presented.

In conclusion, the following findings are made:

(1) Republic Builders' principal place is in Tennessee. As such, complete diversity among the parties does not exist and this court does not have jurisdiction under 28 U.S.C. § 1332(a).

(2) The plaintiffs have not presented claims for relief under either The Clean Air Act, 42 U.S.C. § 7401 *et seq.*, or The Toxic Substances Control Act, 15 U.S.C. § 2601 *et seq.* A claim for response costs under The Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.*, is arguably presented. This court has jurisdiction under 28 U.S.C. § 1331 to try that claim and defendants' motion to dismiss is denied insofar as it relates to the CERCLA claim.

(3) The state tort claims predominate over the federal claim presented under CERCLA. As such, this court declines to exercise its discretion to try the state claims under the doctrine of pendent jurisdiction. Plaintiffs' state tort claims are therefore dismissed without prejudice so that they may be pursued in state tribunals.

IT IS SO ORDERED.