658 F.Supp. 276 (1987)
SUNNEN PRODUCTS COMPANY, Plaintiff,
v.
CHEMTECH INDUSTRIES, INC., et al., Defendants.
No. 86-0457C(6).
United States District Court, E.D. Missouri.
April 24, 1987.
*277 Robert M. Lucy, Bruce C. Oetter, Lisa Demet Martin, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for plaintiff.
Edwin L. Noel, George M. von Stamwitz, Armstrong, Teasdale, Kramer, Vaughan & Schlafly, St. Louis, Mo., for defendants.

ORDER AND MEMORANDUM
GUNN, District Judge.
IT IS HEREBY ORDERED that the motion of plaintiff Sunnen Products Company for partial summary judgment be and it is granted. The Court concludes on the basis of stipulated facts of record and the applicable law that defendant Chemtech Industries, Inc. is strictly liable for "necessary costs of response incurred by [Sunnen Products Company] consistent with the national contingency plan" pursuant to § 107(a)(4)(B) of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9607(a)(4)(B) (1983).
Plaintiff Sunnen Products Company (Sunnen) brought this action pursuant to § 107(a)(4)(B) of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 et seq., to recover "necessary costs of response incurred" in remedying the environmental contamination of property located at 7882 Folk Avenue in Maplewood, Missouri (the Site).
The parties have stipulated to the following facts: Defendant Chemtech Industries, Inc. (Chemtech) transferred the Site to Sunnen through a property exchange agreement in 1978. Between 1956 and 1978 Chemtech operated a chemical manufacturing industry at the Site and stored chemicals in above-ground and underground tanks on the property. Sunnen has used the Site to house administrative, research, warehousing and light manufacturing facilities. In 1982 the owners of the adjacent property notified Sunnen of chemical seepage in the soil. Sunnen advised Chemtech of the complaint, seeking information with regard to the origin of the chemicals. Chemtech collected and analyzed samples of the chemicals found on the adjacent property and notified the Missouri Department of Natural Resources (MDNR), in accordance with § 9603(c) of CERCLA, that a potential release of hazardous substances had occurred at the Site.
During 1983 and 1984, Sunnen and Chemtech jointly undertook action to investigate and remedy the hazardous waste contamination at the Site. The investigation revealed that the chemicals contaminating the Site matched those handled and stored by Chemtech in its operations there. The actions undertaken jointly by the parties were described in advance in Remedial Action Plans (RAP) approved by MDNR.
In 1985 Sunnen entered into a consent decree with the Missouri Hazardous Waste Commission, pursuant to which Sunnen would submit a revised RAP providing for removal of the hazardous substances from the Site. In June 1985 MDNR issued an order declaring that a hazardous waste emergency existed at the Site and ordering Sunnen to complete the revised RAP.
Sunnen brought this private CERCLA action against Chemtech seeking a declaration of liability for costs incurred and to be incurred in the future in complying with the revised RAP. Chemtech has not participated *278 in continuing clean-up efforts at the Site since 1985.
Section 107(a) of CERCLA creates a private cause of action to recover from responsible parties the costs of responding to hazardous waste conditions. Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887 (9th Cir.1986); Wehner v. Syntex Corp., 622 F.Supp. 302 (E.D.Mo.1983). The section establishes liability on the part of
(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of....
The liability imposed has been construed by the courts to be strict, subject only to three causation defenses enumerated in subsection (b). State of New York v. Shore Realty Corp., 759 F.2d 1032, 1042 (2d Cir.1985); Wehner, 622 F.Supp. at 304.[1]
Plaintiff has moved the Court for partial summary judgment on the issue of defendant Chemtech's liability.[2] This Court concludes that the stipulated facts establish that Chemtech operated a facility at which hazardous wastes were disposed of, and hence that there exists no genuine issue of material fact with respect to Chemtech's strict liability under § 107(a)(2). Chemtech has not sought to establish any of the § 107(b) enumerated defenses, nor would the facts of record support them.[3] Summary judgment is therefore appropriate on this issue.
The Court cautions that its ruling on the liability issue represents solely a judgment that Chemtech is liable for "necessary costs of response ... consistent with the national contingency plan." The Court declines to find on the basis of the record before it that the expenditures already made by Sunnen fit this statutory requirement or that future costs are "necessary." Accordingly, the Court will hear testimony on this issue as this case proceeds to trial on the appropriate measure of damages.
NOTES
[1] There shall be no liability under subsection (a) of this section for a person otherwise liable who can establish by a preponderance of the evidence that the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by 

(1) an act of God:
(2) an act of war;
(3) an act or omission of a third party other than an employee or agent of the defendant, or than one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the defendant ..., if the defendant establishes by a preponderance of the evidence that (a) he exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and (b) he took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions; or
(4) any combination of the foregoing paragraphs.
[2] Plaintiff's complaint also seeks a declaration of liability for costs on the part of William F. Schierholz, President and Chief Executive Officer of Chemtech. Defendant Schierholz's potential "owner or operator" liability under § 107(a) is not addressed by plaintiff's motion.
[3] Chemtech filed a motion in limine seeking a ruling from the Court that certain common law defenses are cognizable in a CERCLA action. The Court has reviewed the case law on this issue and concludes that it does not unsettle the strict liability standard imposed by § 107(a). Courts have upheld agreements to transfer liability for potential toxic contamination from sellers to purchasers of property to defeat private claims under CERCLA, see Mardan v. C.G.C. Music, Ltd., 804 F.2d 1454 (9th Cir.1986); Pinole Point Properties v. Bethlehem Steel, slip op., No. C-83-5893 (March 31, 1986, N.D. Cal.), without ruling that the liability standard imposed by the statute is less than strict. This case does not involve such an express agreement. Courts have also recognized equitable defenses in fashioning appropriate remedies. Mardan v. C.G.C. Music, Ltd., 600 F.Supp. 1049 (D.Ariz.1984) (unclean hands). No court has accepted the defense of caveat emptor, which would improperly shift liability for environmental contamination from the responsible party to an unwitting purchaser. The District Court in Mardan expressly rejected the defense. 600 F.Supp. at 1055.

The restitution remedy sought under CERCLA is equitable in nature, and the Court will utilize its equitable discretion in fashioning relief. None of Chemtech's proffered defenses, however, bar plaintiff's claim. The Court rejects the caveat emptor defense as a matter of law.