**UNITED STATES of America, Plaintiff,**

v.

**Gerald L. MOORE, Bonnie F. Moore, Moore–Fite Corporation of Virginia, Gary Moore, Patrick J. O'Brien, and Certified Testing Corporation, Defendants.**

Civ. A. No. 87–101–NN.

United States District Court,
E.D. Virginia,
Newport News Division.

July 28, 1988.

---

John F. Kane, Asst. U.S. Atty., Michael McIntyre, U.S. Dept. of Justice, Land and Natural Resources Div., Environmental Enforcement Section, Joseph F. Schive, U.S. E.P.A., Office of Enforcement & Compliance, Washington, D.C., Allyn Stern Office of Regional Counsel, U.S. E.P.A., Region III, Philadelphia, Pa., for plaintiff.

Lawrence J. Lipka, Wayne Lustig, Guy, Cromwell, Betz & Lustig, Newport News, Va., for Patrick J. O'Brien.

Richard N. Shapiro, Virginia Beach, Va., for Gerald L. Moore, Bonnie F. Moore & Moor–Fite Corp. of Va.

## MEMORANDUM ORDER

MacKENZIE, Senior District Judge.

This action is once again before the Court following oral argument on various motions pertaining to three of the defendants in this case—Gerald L. Moore, Bonnie F. Moore, and Moor–Fite Corporation of Virginia ("defendants at issue"). Each will be addressed seriatim.

I.

### *United States' Motion for Partial Summary Judgment*

The United States moves for partial summary judgment on liability under Sections 107(a) and 104(e) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9604(e), and under Section 3007(a) of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6927(a). No determination is sought regarding the amount of damages and civil penalties, if any, or as to the claims by the Department of Defense ("DOD"). Also, defendants have not sought judgment at this time on their various counterclaims.

### A.

The gist of the United States' position is that defendants at issue are jointly and severally liable for approximately $430,000 in response costs incurred by the United States for a June 1983 "clean up" at the "Pembroke Avenue site." Defendants at issue counter that the elements required for liability have not been satisfied on this motion, and also that material issues of fact exist as to their defenses to liability. We agree with defendants at issue that summary judgment is improper here and that the motion must be DENIED.

In order to make out a prima facie case of liability under § 9607, the United States must establish four things:

(1) that the Pembroke Avenue site is a "facility" as defined by 42 U.S.C. § 9601(9);

(2) that a "release" or "threatened release" of a "hazardous substance" occurred, as those terms are defined in 42 U.S.C. §§ 9601(22) and 9601(14);

(3) that the release or threatened release has caused the United States to incur response costs; and

(4) that defendants at issue are "covered persons" within the meaning of CERCLA, 42 U.S.C. § 9607(a).

*E.g., United States v. Northernaire Plating Co.*, 670 F.Supp. 742, 746 (W.D.Mich. 1987).

462

■ The main thrust of controversy between the parties is element (2) above, that is, whether there was a release or threatened release of hazardous substances, as those terms are defined in CERCLA, at the Pembroke Avenue site in June 1983. While the United States has offered several affidavits by persons who either observed the site or conducted chemical tests on samples taken therefrom, its burden on this summary judgment motion consists of showing conclusively that no genuine issue of material fact exists, Fed.R.Civ.P. 56; *see Cole v. Cole*, 633 F.2d 1083, 1089 (4th Cir.1980), and that "there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts," *Pulliam Investment Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir.1987). It is not particularly pertinent that defendants at issue have submitted fewer affidavits than the United States, as summary judgment does not involve the weighing of evidence. Because we find that defendants at issue have sufficiently raised genuine issues of material fact, our duty at this stage ends and summary judgment must be denied. Specifically, defendants at issue have submitted the affidavit of Robert Mack, who disputes the United States' position as to the condition of the site. Viewing this evidence, along with the remaining material, in defendants' most favorable light and giving them the benefit of all reasonable inferences, *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), we conclude that these matters are best left for trial.

■ Aside from factual issues concerning prima facie liability, defendants at issue raise several defenses which cannot be resolved by way of summary judgment. First, the third-party act defense of § 9607(b)(3) raises the relevant issues concerning: (1) who caused the alleged hazardous condition; (2) the existence or non-existence of a "contractual relationship," *see* 42 U.S.C. § 9601(35), between Gerald L. Moore, Bonnie F. Moore and Moor–Fite Corporation, on the one hand, and Gary Moore, Patrick O'Brien and Certified Testing Corporation on the other; and (3) whether defendants at issue exercised due care. These matters raise credibility issues, *see United States v. South Carolina Recycling and Disposal, Inc.*, 653 F.Supp. 984, 994 (D.S.C.1984), as well as factual issues concerning the nature of any contractual relationship and the reasonableness of defendants' conduct, *see United States v. Maryland Bank & Trust Co.*, 632 F.Supp. 573, 581 (D.Md.1986). It is not clear as a matter of law that Gerald Moore's reluctant consent to the "dumping" made him contractually related to the third parties, or that his absence is equivalent to lack of due care, especially in light of the surrounding circumstances and the apparent uncertainty as to when the third parties were to transport the materials. A trial is necessary to establish these facts.

■ We also decline to hold that the equitable defenses asserted by defendants at issue (unclean hands, estoppel, illegality) should be automatically stricken. *See United States v. Dickerson*, 640 F.Supp. 448, 451 (D.Md.1986). Like defenses have been pursued in other CERCLA suits. *See Sunnen Products Co. v. Chemtech Industries, Inc.*, 658 F.Supp. 276, 278 n. 3 (E.D. Mo.1987); *Violet v. Picillo*, 648 F.Supp. 1283, 1294–95 (D.R.I.1986); *United States v. Conservation Chemical Co.*, 619 F.Supp. 162, 204–06 (W.D.Mo.1985); *Mardan Corp. v. C.G.C. Music, Ltd.*, 600 F.Supp. 1049, 1059 (D.Ariz.1984), *aff'd*, 804 F.2d 1454 (9th Cir.1986). *But see United States v. Stringfellow*, 661 F.Supp. 1053, 1062 (C.D.Cal.1987). Further, the case at hand is unique in that it involves two governmental agencies as plaintiffs, one of which (DOD) sold the cylinders to Gerald Moore and settled with the other (EPA). The peculiar facts of this case highlight the need to hear all matters relevant to the bottom line issue of who is responsible for the clean-up costs. Importantly, the "defenses" raised by defendants at issue may be very relevant to issues of apportionment of liability, which will undoubtedly arise at trial.

In short, the only real uncontroverted fact is that a "dumping" occurred. Mere dumping, however, is not enough to impose

liability under CERCLA for some $430,000. *United States v. Wade*, 577 F.Supp. 1326, 1334 n. 6 (E.D.Pa.1983). Where conclusions of one expert are challenged by another, as here, the matters are best reserved for trial. *Id.* at 1334.

### B.

■ The United States also seeks summary judgment against Gerald Moore for liability under the information access provisions of CERCLA, 42 U.S.C. § 9604(e), and RCRA, 42 U.S.C. § 6927(a). *See United States v. Charles George Trucking Co.*, 823 F.2d 685 (1st Cir.1987).

Other than the letters which were written to Gerald Moore and/or his attorney, very little evidence has been submitted on this issue. What is undisputed, though, is that counsel (since deceased) for Gerald Moore did respond in some fashion to the EPA requests. Whether or not that response was in compliance with the statute, and further, whether or not Gerald Moore had timely notice and a reasonable opportunity to object to the assessment of penalties, are factual matters incapable of resolution on this motion. The matter at hand is particularly troublesome in view of the fact that the United States waited for some time to commence the instant suit.

Accordingly, the United States' motion for partial summary judgment is DENIED in its entirety.

### II.

#### *Motion for Reconsideration*

The United States seeks reconsideration of that portion of the Court's Order of May 27, 1988 denying its motion to dismiss the counterclaims filed by defendants at issue, 703 F.Supp. 455.

Because no new matters have been raised which were not previously considered by the Court, we decline reconsideration of our prior rulings. As to the indemnity counterclaim, we note that we held *only* that, in enacting the contribution section, Congress also contemplated the 100% shifting of responsibility, by way of indemnification, should the facts so warrant it.

While the Superfund statute was hurriedly passed and left behind a confused legislative history, what *is* clear is that Congress intended that the financial burden of cleanups be placed upon those responsible, *Wade*, 577 F.Supp. at 1331, and a governmental agency is no exception, *see* 42 U.S. C. §§ 9607(g) and 9620.

Accordingly, the motion for reconsideration is DENIED.

### III.

#### *Motion for Dismissal of Amended Counterclaims*

In accordance with the Court's Order of May 27, defendants at issue filed amended counterclaims. The Court previously held that the first two counterclaims fall under the doctrine of recoupment and may also be pursued under the Tucker Act up to $10,-000. In their response to the instant motion, defendants at issue make clear that they waive affirmative relief over $10,000. Although they failed to mention the word "recoupment" in their first counterclaim, all parties are fully advised of the nature and extent of these claims. Any "defect" is thus immaterial.

Accordingly, the United States' motion to dismiss the amended counterclaims is DENIED.

### IV.

#### *Motion for Bifurcation*

■ The United States seeks to complicate matters even further by proposing that the presentation of evidence in this case be divided into two phases. The Court declines the invitation, which would essentially separate the liability issues of defendants from those concerning DOD, issues which we find to be inseparable. Moreover, this is a non-jury trial, *see United States v. Ward*, 618 F.Supp. 884, 913 (E.D. N.C.1985); *Dickerson*, 640 F.Supp. at 453 (indeed, no jury demand has been made, *see* Fed.R.Civ.P. 38(d) and Local Rule 20), and thus any evidentiary problems can be adequately dealt with by the Court at the appropriate time.

Accordingly, the motion for bifurcation is DENIED.

## V.

### *Miscellany*

The Court has recently received motions by defendants at issue to compel discovery and for a default judgment on their cross-claims against Gary Moore and Certified Testing Corporation.

As no response to the discovery motion was due at the time of oral argument, and the matter thus was not argued, the Court declines to pass on it at this time. The motion for default judgment will be held pending a determination at trial of the liability, if any, of cross-claimants. Only then would the cross-claims come into play.

IT IS SO ORDERED.