**Ernesto ABARCA, et al.**

v.

**CHEVRON U.S.A., INC., et al.**

**No. Civ.A. 1:99–CV–502.**

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 27, 1999.

---

Robert O'Conor, Jr., Houston, TX, for plaintiff.

Alan F. Levin, Levin Roth & Kasher, Houston, TX, Giorgio Caflisch, Preis Kraft & Roy, Houston, TX, Willie Ben Daw III, Houston, TX, Russell John Ramsey, Richard Russell Hollenbeck Ramsey & Murray, Houston, TX, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Defendants moved to dismiss plaintiffs' suit for lack of subject matter jurisdiction or in the alternative to abstain. For the reasons below, this court grants the motion and dismisses plaintiffs' claims for lack of subject matter jurisdiction pursuant to Fed.Rule Civ.P. 12(b)(1).

## I. BACKGROUND

This suit involves over 1,000 plaintiffs who bring claims for damages resulting from a leak in a pipeline which carried liquified petroleum gas. The leak occurred on August 11, 1997 in Dayton, Liberty County, Texas. All of the plaintiffs were employees or inmates housed in the Texas Department of Corrections facility located nearby. The pipeline was owned and operated by Chevron and its subsidiaries. The other defendants, Cowboy Valve and Fittings, A–Tex Supply, Ltd. and Pipeline Valve Specialties, are contractors responsible for the sale, installation, and maintenance of the pipeline's valves.

Plaintiffs assert claims for assault, negligence, gross negligence, nuisance, and strict products liability. In their first amended complaint, plaintiffs added a claim for cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

## II. THE EIGHTH AMENDMENT CLAIM

■ The plaintiffs claim the United States Constitution's prohibition against cruel and unusual punishment provides a basis for federal question jurisdiction. Plaintiffs claim their Eighth Amendment rights were violated because they were forcibly exposed to gas when they were unable to be evacuated and confined to their cells. However, none of the defendants are state actors and the plaintiffs do not allege that they acted with the requisite intent.

■ The Eighth Amendment, applied to the states via the Fourteenth Amendment prohibits state actors from inflicting cruel and unusual punishment. *Wilson v. Seiter*, 501 U.S. 294, 296–97, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The proper vehicle for the plaintiffs' Eight Amendment claim is 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the constitution and the laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

In the present case, plaintiffs cannot show that a violation was committed by a person acting under color of state law. Plaintiffs cite *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) claiming they have a proper claim under the Eighth Amendment. However, in *Helling*, the Court held that plaintiffs stated a proper Eighth Amendment claim where they alleged prison officials were deliberately indifferent in exposing petitioners to environmental tobacco smoke. *Id.* at 34–35, 113 S.Ct. 2475. In contrast, Chevron merely operated a pipeline in the vicinity of a state jail—this is clearly a private enterprise. As Pipeline Valve Spe-

cialties, Inc., points out in its brief, even the most generous reach of state action would fail to reach Chevron and the other defendants.[1]

■ The second element of an Eighth Amendment claim is that the defendant acted with the requisite intent—deliberate indifference. Since only the unnecessary and wanton infliction of pain implicates the Eighth Amendment, a prisoner advancing such a claim must allege that the conduct in question was objectively harmful enough to establish a constitutional violation and that the government actor must have acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). In *Farmer v. Brennan*, the Supreme Court used a subjective test for deliberate indifference: "We hold that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In the present case, plaintiffs do not claim Chevron or any of the other defendants acted with this requisite intent.

■ In their response, plaintiffs argue that the court cannot look to the merits of their constitutional claim to determine subject matter jurisdiction citing *Greene v. City of Memphis*, 535 F.2d 976 (6th Cir. 1976). While the *Greene* court held that the failure to assert a § 1983 claim would not prevent recovery under § 1983, it conditioned this holding on the fact that all elements of the § 1983 claim were satisfied. *Id.* at 978. The court then found

that a valid § 1983 claim was asserted. *Id.* at 979–80. In the present case, accepting all of the plaintiffs' factual allegations as true and viewing them in the light most favorable to the plaintiffs, drawing all inferences in their favor, it is clear that the plaintiffs fail to state a proper claim upon which relief can be granted. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir.1999).

■ The proper course of action when an attack on subject matter jurisdiction implicates an element of the cause of action is for the district court to first find that jurisdiction exists and then deal with the objection as a direct attack on the merits of the plaintiff's claim. *Santerre v. Agip Petroleum Co., Inc.*, 45 F.Supp.2d 558, 566–67 (S.D.Tex.1999) (citing *Williamson v. Tucker*, 645 F.2d 404, 415–16 (5th Cir.1981)). The possibility that a claim might fail to state a cause of action will not defeat jurisdiction except where the alleged claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Clark v. Tarrant County, Texas*, 798 F.2d 736, 741 (5th Cir.1986). To be insubstantial, a claim must be obviously without merit or foreclosed by prior decisions. *Santerre*, 45 F.Supp.2d at 567; *see also In re Carter*, 618 F.2d 1093, 1103 (5th Cir. 1980). In the present case, the claim fails because plaintiffs cannot even make a colorable claim that defendants were state actors. The court cannot allow plaintiffs to establish federal question jurisdiction via a claim which fails as a matter of law merely because plaintiffs plead it. The Eighth Amendment claim against the de-

---

**1.** Pipeline Valve cited *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), which is probably the most notorious example of state actor status reaching a private enterprise. There, the Court found state action on the part of a seemingly private business because the business leased space from the city. *Id.* at 724,

81 S.Ct. 856. The Court inferred that the lease agreement gave the city some control over the restaurant's policy of excluding people on the basis of race. In the present case, no such leap can made as there is simply no relationship between the state jail and Chevron other than physical proximity.

fendants in the present case meets this requirement.

## III. FEDERAL–QUESTION JURISDICTION—"ARISING UNDER"

### 1. The applicable law.

■ Title 28 U.S.C. § 1331 reads, "The District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The clearest test of when a suit arises under federal law is when the federal law itself provides the cause of action. See American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916). However, as the Court noted in Franchise Tax Bd. v. Construction Laborers Vacation Trust, there is no " 'single, precise definition' of that concept; rather, the phrase 'arising under' masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system". 463 U.S. 1, 8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

■ If federal-question jurisdiction is not secured by the statute itself, the plaintiffs' claims may fall under the smaller class of cases where the case's resolution depends on a resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331. See Franchise Tax Bd., 463 U.S. at 27–28, 103 S.Ct. 2841. This occurs when a federal issue is incorporated into a state cause of action. However, the federal interest at stake must be substantial; "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In resolving the issue, the Court focused on the importance of the federal law in resolving the state law claim.

Plaintiffs' causes of action referred to the FDCA merely as one available criterion for determining whether Merrell Dow was negligent. Because the jury could find negligence on the part of Merrell Dow without finding a violation of the FDCA, the plaintiffs' causes of action did not depend necessarily upon a question of federal law. Consequently, the causes of action did not arise under federal law ...

Merrell Dow, 478 U.S. at 807, 106 S.Ct. 3229 (citing Thompson v. Merrell Dow Pharmaceuticals Inc., 766 F.2d, 1005, 1006 (6th Cir.1985)). Thus, if a federal law is not necessary to the resolution of a state cause of action—that is, the claim will not win or lose strictly depending on the interpretation of federal law—then it is not substantial. See also Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (holding that a claim which relies on reasons completely unrelated to the federal law asserted does not arise under federal law).

■ The court also looked to whether the federal law provided a private cause of action. The Court found it would flout congressional intent to exercise federal question jurisdiction solely because the violation of the federal statute is said to be an element of a state law cause of action. Merrell Dow, 478 U.S. at 812, 106 S.Ct. 3229. The lack of an explicit statutory remedy was "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." Id. at 814, 106 S.Ct. 3229.[2]

### 2. Application

■ Plaintiffs argue federal question jurisdiction exists because their claims for

---

**2.** As Professor Wright summarized, *Merrell Dow* held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private fed-

eral cause of action for the violation, does not come within federal-question jurisdiction." 13B CHARLES ALAN WRIGHT, ARHTUR R. MILLER, FRANK W. ELLIOTT,, FEDERAL PRACTICE AND PROCEDURE § 3562 (1999 Supp.).

assault, negligence, gross negligence, and strict products liability arise under federal law. Specifically, they argue the defendants' standard of conduct in operating the pipeline is exclusively governed by the Toxic Substances Control Act, 15 U.S.C. § 2601 *et seq.* ("TSCA"), the Clean Air Act, 42 U.S.C. § 7401 *et seq.* ("CAA"), and the Natural Gas Pipeline Safety Act, 49 U.S.C.App. § 1671 *et seq.* ("Pipeline Safety Act").

This is essentially the same fact pattern as *Merrell Dow. Merrell Dow* concerned a state law cause of action for negligence, breach of warranty, fraud, strict liability and gross negligence. 478 U.S. at 805, 106 S.Ct. 3229. Plaintiffs claimed federal-question jurisdiction existed because the drug they took was misbranded in violation of the Federal Food, Drug and Cosmetic Act. (FDCA). 21 U.S.C. § 301 *et seq.* While violation of the FDCA was evidence of negligence, it was not the sole factor as the Court noted that a jury could still find negligence without finding that the FDCA had been violated. 478 U.S. at 807, 106 S.Ct. 3229.

▆ Similarly, a violation of statute is not the sole criterion of negligence under the Texas common law of torts. It is but one·element for a jury to consider. For example, a defendant may be excused for a negligence per se tort violation if a legally acceptable excuse exists. *Martinez v. Gulf States Utility Co.,* 864 S.W.2d 802, 804 (Tex.App.—Houston [14th Dist.], writ denied, 1993). Conversely, a jury could still find negligence if a defendant complied with the statute.

Further, none of these statutes provides for a private cause of action for compensatory damages. While each provides a cause of action for enforcement of the regulations,[3] such provisions are insufficient to confer federal-question jurisdiction. *See Adams v. Republic Steel Corp.,* 621 F.Supp. 370, 376 (W.D.Tenn.1985) (holding the neither the Clean Air Act, nor TSCA

provided private causes of action for compensatory damages and thus state law claims incorporating them did not arise under federal law); *see also Middlesex Cty. Sewerage Auth. v. National Sea Clammers,* 453 U.S. 1, 18, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981). The Pipeline Safety Act provision is similar to the CAA and TSCA and thus, the analysis and result is the same. In their First Amended complaint, plaintiffs also point to Title 49 of the United States Code which establishes "a taut network of federal statutory provisions, agencies, commissions, and departments." (First Amended Complaint, p. 12). While 49 U.S.C. § 15906(c) has a provision for private remedies against pipeline carries, plaintiffs are not members of the class protected by the provision as they are not shippers or consignees whose goods have been damaged or who have been subject to discrimination in transportation rates or terms.

Plaintiffs argue federal-question jurisdiction may exist despite the lack of a private cause of action citing *West 14th St. Comm. Corp. v. 5 West 14th Owners Corp.,* 815 F.2d 188 (2d Cir.1987). However, *West 14th* only proves the distinction *Merrell Dow* made between state law claims which incorporate necessary and unnecessary federal law. In *West 14th,* plaintiffs sought to prevent termination of certain contracts because the contracts were protected under the Condominium Relief Act. 15 U.S.C. §§ 3601–16 (1982) (the "Act"). First, the court found federal-question jurisdiction existed because the Act specifically provided a cause of action. 815 F.2d at 193–94. Alternatively, the court found that there was a substantial federal question because the state law claim to remove a cloud· on title necessarily won or lost depending on the interpretation of federal law. Unlike *Merrell Dow* and the present case, the remedy sought by the state law claim was a direct challenge to the validity of the Act—it either declared the Act inap-

---

**3.** 42 U.S.C. § 7604 (Clean Air Act); 15 U.S.C. § (TSCA); and 49 U.S.C. § 60121 (Pipeline

Safety Act).

plicable or unconstitutional. *West 14th*, 815 F.2d at 196. It was not merely incorporated as an element of the state law claim. Following *Merrell Dow*, the Second Circuit held that the claim was substantial and thus arose under federal law for purposes of federal-question jurisdiction. *Id.*

Finally, plaintiffs attempt to distinguish Merrell Dow by arguing federal law preempts state law for pipeline regulation. While state regulation may be preempted by federal control over interstate commerce, none of the plaintiffs' common law causes of action are affected by federal regulatory statutes. The fact that the state of Texas cannot pass a law regulating interstate commerce does not eliminate a state law action for negligence, gross negligence, nuisance, or strict products liability. When the *Merrell Dow* Court referred to applicable state law, it was not referring to state regulatory law, it was referring to state common law which governed plaintiffs' right of recovery. 478 U.S. at 809–10, 106 S.Ct. 3229. While federal standards may be an element of a state law cause of action, they are not the sole criterion of liability.

## IV. CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss for lack of subject matter jurisdiction is granted pursuant to Fed.Rule.Civ.P. 12(b)(1). Accordingly, the suit is hereby, DISMISSED.