## MORRIS et v HUBER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1184. Decided June 12, 1933

D. H. Wysong, Dayton, for plaintiffs in error.

R. N. Brumbaugh, Dayton, Nathaniel Fulton, Dayton, for defendant in error.

## OPINION

By BARNES, J.

The trial court was of the opinion that the plaintiff had failed to introduce any competent evidence of damages and this being an essential element in the case nothing remained for the jury to consider.

We think the court was in error in thus directing a verdict for defendant.

We quote from the **First National Bank of Barnesville v Western Union Tel. Co., 30 Oh St, 555,** first syllabus:

"In case of a breach of contract, actual damages not being proved, nominal damages may be recovered."

Also at page 568 of the opinion:

"But the plaintiff was entitled to recover nominal damages. Upon the breach of an agreement the law infers damages and if none are proved nominal can be recovered. Sedgwick on Damages, 47; Field on Damages, 679; Parks v Alta Cal. Tel. Co., 13 Cal. 425; Candee v West Un. Tel. Co., 34 Wis. 471.

The plaintiff asked the court to charge that, if the non-delivery of the message was by reason of defendant's negligence, plaintiff was entitled to nominal damages, if there were no actual damages. This was. refused, and the court did charge that there was no right of action, unless injury was shown. This was error, for which the judgment must be reversed."

Also quoting from **Besuden v Commissioners of Hamilton County, 7 CC, 237,** second syllabus:

"Where it appears from the evidence that property rights of the plaintiff have been infringed at least nominal damages must be awarded."

On page 239 of the opinion appears the following:

"Clearly upon principle and the above authority the plaintiff was entitled to nominal damages and we think the court erred in saying to the jury that they should find for the defendant."

Also quoting from **Tuttle v Clifton, 22 Oh St 247,** first syllabus:

"* * * is a nuisance for which an action may be maintained without showing any actual damages and for which nominal damages at least may be recovered."

For a general discussion of this principle of law see **Volume 13 Ohio Jurisprudence (Damages) §3** and following. The text under §7 states that failure to allow nominal damages is not a ground for reversal unless the question of costs are involved. The following Ohio cases are cited in support of the text. **Hill v Butler, 6 Oh St, 207; Smith v Weed Sewing Machine Co., 26 Oh St, 567; Chambers v Frazier, 29 Oh St, 362.**

We have examined all three cases cited and find in each instance the question of nominal damages arose through setoff or counterclaim of defendant. In each case plaintiff had recovered and nominal damages by way of setoff or counterclaim did not substantially alter the rights of the parties or the verdict.

If the question of costs would be affected then the failure to allow nominal damages would constitute reversible error, even in cases where question arises by way of setoff or counterclaim. We think the language of the text is too broad and should be limited.

We also think the trial court was in error in not permitting the plaintiffs as owners to testify to value of residence property in question unless they qualified as is required of other witnesses.

We know of no Ohio authority and none has been cited declaring on this question either way as it relates to value of real estate.

The owner is permitted to testify to the value of personal property without qualifying as other witnesses.

**Detroit and I. R. Co. v Vogley, 21 Oh Ap, 88, (3 Abs 394).** Motion to certify overruled, **23 OLR, 347.**

**Economy Building L. Co. v Newman, 7 C.C. (N.S.) 213.** Affirmed **76 Oh St, 579.**

**German Fire Insurance Co. v Burke, 19 C.C. (N.S.) 289.** Affirmed **88 Oh St, 361.**

Under the reasoning of the courts we think the rule should apply to real estate just the same as personal property. In Volume 22, page 586, §685, Corpus Juris we find the rule stated as follows:

"The owner of real estate is assumed to possess sufficient acquaintance with which to estimate the value of the property and his estimate is therefore received, although his knowledge on the subject is not such

as would qualify him to testify if he were not the owner."

No other rule is stated in the text or referred to in the notes and this fact impels us in the interests of uniformity to adopt it particularly in view of the fact that we look upon it as a rule of reason.

In searching the bill of exceptions we are forced to the conclusion that counsel for plaintiff was not very careful in protecting his record for review.

During the introduction of testimony on behalf of plaintiff we find the court sustaining objections to questions propounded and thereafter counsel for plaintiff taking exceptions, but making no profert. The offer to prove is a necessary prerequisite upon which to predicate error.

**Volume 2 Ohio Jurisprudence (Appeal and Error) 405.**

**Motor Corp. v Winter, 118 Oh St, 622,** and on page 633 of opinion quoting rule and citing Ohio cases.

In only two instances do we find this rule complied with. At page 73 of the record in the testimony of one of plaintiffs, Elmer H. Morris, we find the following questions and answers:

"Q. With that experience would you say that you feel you could give a fair and reasonable market value of this property you bought of Mr. Huber? Q. As it actually was when you bought it? A. As it actually was before we discovered the defects? A. No, as it actually was. A. At the time we bought it?

Q. Yes. A. I think I could.

Q. Of course that would include the defects you found afterward. A. As it actually was? Let me get the question right now. As if I knew the defects were as is?

Q. Yes, just the same as if you knew the defects were there at that time? A. All right, yes, I think so.

Q. What would you say that price would be?

BY MR. BRUMBACH: We object. BY THE COURT: Sustain the objection. BY MR. WYSONG: Note exceptions. I want the record to show this is what he would say that price would be—he wouldn't consider that property worth over $4500.00."

We think the court was in error in refusing to admit this testimony of Morris and the proffer to prove property presents the question on review.

There is no direct testimony in the record nor is it supplied through offer to

prove as to the market value of this property at time of purchase if it had been as represented.

Under the law the true measure of damages is the difference between market value as it was represented to be and what it was actually worth under its true condition at the time of purchase. **Linerode v Rasmussen, 63 Oh St, 545.**

We hold to the view that the testimony of plaintiffs, Mr. and Mrs. Morris as to the representations, negotiations and other circumstances finally culminating in the purchase of the property at the price of $7400.00 is at least a scintilla of evidence of the market value of the property as it was represented to be. In this evidence the seller was a real estate broker and the purchasers were out looking for a home. It would do no violence to the general rule of determining damages to indulge the presumption that these parties dealing at arms length closed on the basis of the market value. Being of the opinion that the court was in error in directing the verdict for defendants it is not necessary to consider or determine other alleged grounds of error.

The case will be remanded for new trial at costs of defendants in error. Exceptions allowed. Entry may be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.