Duane H. WILLIAMS, et al., Plaintiffs,

v.

ALLIED AUTOMOTIVE, AUTOLITE
DIVISION, et al., Defendants.

No. C 86–7888.

United States District Court,
N.D. Ohio, W.D.

Aug. 3, 1988.

Thomas F. Bryant, Findlay, Ohio, for plaintiffs.

Jack Fynes, Toledo, Ohio, for defendants.

## MEMORANDUM AND ORDER

JOHN W. POTTER, District Judge:

This cause is before the Court on defendant Allied Automotive's (Allied) motion for summary judgment, defendant Fostoria Industries, Inc.'s (Fostoria) motion for partial summary judgment, plaintiffs' combined opposition, defendant Allied's reply and defendant Fostoria's reply. Defendants have moved for summary judgment on certain claims as to which plaintiffs agree there is no issue for trial. These are: plaintiffs' claims for any physical injuries; for increased risk of cancer or other disease; for punitive damages under Counts 1, 2, 3 and 4 of the complaint; and for all claims under the Clean Water Act as set forth in Count 4. Accordingly, defendants will be granted summary judgment on these claims.

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law of the case identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, only disputes of facts affecting the outcome of the suit under the applicable substantive laws will preclude the entry of summary judgment. *Id.* The initial burden imposed on the moving party "depends upon which party will bear the burden of persuasion on the challenged claim at trial." *Celotex*, 477 U.S. at 331, 106 S.Ct. at 2556 (Brennan, Jr., dissenting). "If the moving party bears the burden of

persuasion at trial, that party must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial." *Id.* If the moving party satisfies this burden, the non-moving party must produce evidentiary material that demonstrates the existence of a genuine issue for trial. *Id.*

Defendant Allied has moved for summary judgment on plaintiffs' claims under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9601 et seq., on the grounds that: the Autolite plant is not a "facility," there has been no release or threat of release, plaintiffs' alleged response costs have not been actually incurred, the costs are not recoverable under CERCLA, the costs are not necessary, the costs are not consistent with the National Contingency Plan. Upon reviewing all materials submitted by the parties, the Court determines that genuine issues of material fact exist as to plaintiffs' claims against Allied under CERCLA; thus, Allied's motion is not well taken as to these claims.

Both defendants have moved for summary judgment on plaintiffs' claims for future medical monitoring as response costs under CERCLA. Plaintiffs' prima facie claim for costs recovery under 42 U.S.C. § 9607(a)(4)(B) consists of the following elements:

1. Defendants must fall within one of the four categories of covered persons. 42 U.S.C. § 9607(a).

2. There must have been a release or a threatened release. *Id.*

3. The release or threatened release has caused plaintiffs to incur costs. 42 U.S.C. § 9607(a)(4).

4. Plaintiffs' costs must be necessary costs of response. 42 U.S.C. § 9607(a)(4)(B).

5. Plaintiffs' response action must be consistent with the National Contingency Plan. 42 U.S.C. § 9607(a)(4)(B). *Artesian Water Co. v. Government of New Castle County,* 659 F.Supp. 1269, 1278–79 (D.Del. 1987).

Defendants assert that future private medical monitoring costs are not recoverable under CERCLA. Plaintiffs may recover the costs of "such actions as may be necessary to monitor, assess, and evaluate the release ..., or the taking of such other actions as may be necessary to prevent, minimize, or mitigate damage to the public health or welfare ..., which may otherwise result from a release...." 42 U.S.C. § 9601(23). The statutory definition of the terms "remove" or "removal" clearly contemplates such actions as are necessary to making a reasoned determination whether physical removal of hazardous contaminants is necessary in a given situation. *See United States v. Conservation Chemical Co.,* 628 F.Supp. 391, 406 (W.D.Mo. 1985) (costs of activities useful and necessary to the formulation of the proposed remedy are conceivably recoverable as part of the response costs for the remedy). Costs of medical testing falling within the statutory definition and consistent with the National Contingency Plan (NCP), 400 C.F. R. § 300.1 et seq., are recoverable response costs under CERCLA. *Brewer v. Ravan,* 680 F.Supp. 1176, 1179 (M.D.Tenn.1988). The NCP neither limits nor further defines items which may be recoverable as response costs under the statute.

■ In the absence of any controlling authority on the issue, this Court is of the opinion that costs of future medical monitoring are not categorically unrecoverable as response costs under CERCLA, provided that plaintiffs meet their burden of proving that such costs are necessary and consistent with the NCP. The Court finds that genuine issues of material fact exist as to these elements; thus, defendants' motions are not well taken as to the claim for future medical monitoring. The Court notes, however, that although liability for future costs can presently be determined and declaratory relief granted, the Court cannot award costs until they are incurred. *State ex rel. Brown v. Georgeoff,* 562 F.Supp. 1300, 1316 (N.D.Ohio 1983); *United States v. Northeastern Pharmaceutical and Chemical Co., Inc.,* 579 F.Supp. 823, 852 (W.D.Mo.1984); *Jones v. Inmont*

*Corp.,* 584 F.Supp. 1425, 1430 (S.D.Ohio 1984); *Conservation Chemical,* 628 F.Supp. at 407–408.

■ Both defendants have moved for summary judgment on all claims made by those plaintiffs whose wells contain no detectable levels of contamination. These plaintiffs are: Amy Beaston, Andrew Beaston, Virginia Beaston, William L. Beaston, William R. Beaston, Margaret Bicknell, Estelle Gwyn, Martha Gwyn, Deborah Hagenmaier, John Hagenmaier, Kelly Hagenmaier, Patrick Hagenmaier, Minerva Hernandez, Mildred Luman, Richard Luman, Doris Shaw, Herbert Shaw, Leann (Mack) Shaw, D.C. Smith, Linda Smith, Charles Flechtner, Jodi Walters, Thomas Walters, Brodin Walters, Edgar Young and Henrietta Young. All twenty-six of these plaintiffs admit that no contaminants have been detected in the water samples taken from the wells on their residential property; thus, this issue is not in dispute. This fact alone does not preclude these plaintiffs from recovering incurred response costs under CERCLA if they can be established at trial. The definition of "response" set forth in the statute is ambiguous and a comprehensive definition of "necessary costs of response" is somewhat elusive. *Brewer,* 680 F.Supp. at 1179. The determination of whether plaintiffs' claimed response costs may be recovered in this case will depend on proof of the circumstances existing when the costs were incurred or establishing defendants' liability for recovery of response costs not yet incurred. Thus, defendants' motions as to these plaintiffs' claims under CERCLA are not well taken.

■ Defendant Allied has moved for summary judgment on plaintiffs' claims under the Resource Conservation and Recovery Act of 1976 (RCRA), 42 U.S.C. § 6901 et seq. Due to plaintiffs' disinclination to refer to specific provisions of the United States Code, the Court has had some difficulty determining the exact nature of the claims asserted under the RCRA. However, it is implicit in the complaint and plaintiffs' brief in opposition that their claims are being asserted under 42 U.S.C. § 6972(a)(1)(A). Defendant Allied asserts

that the notice required prior to bringing an action under the RCRA was insufficient. It is undisputed that Allied had been aware of the ground water contamination problem over two years prior to the date of plaintiffs' notice. The notice is brief; however, it apprises defendants of the statutory claims asserted, the names of the claimants, and references the ongoing Ohio Environmental Protection Agency (Ohio EPA) proceedings. *See Fishel v. Westinghouse Electric Corp.,* 617 F.Supp. 1531, 1536 (D.C.Pa.1985); *Brewer,* 680 F.Supp. at 1180–1181. The Court finds the notice adequate under the circumstances.

■ Defendant Allied has moved for summary judgment on plaintiffs' claims under 42 U.S.C. § 6972(a)(1)(A) for violation of 42 U.S.C. § 6925 (permits for treatment, storage, or disposal of hazardous waste) and 42 U.S.C. § 6945 (open dumping of hazardous waste prohibited). This Court does not agree with the district court in *Fishel* that defendant cannot be simultaneously liable under both sections. *Fishel,* 617 F.Supp. at 1537–1538. Allied asserts that no evidence exists of any open dumping at its site. A moving party need not support its motion with affidavits but may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 324–325, 106 S.Ct. at 2553–54.

■ Where the moving party has met its initial burden, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson* 477 U.S. at 250, 106 S.Ct. at 2511. "[P]laintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257, 106 S.Ct. at 2514. The Court determines that plaintiffs have met their burden of production so as to survive summary judgment on the issue of whether Allied engaged in open dumping. Also, whether Allied is subject to the RCRA permit requirements is sufficiently unclear that the Court cannot determine Allied is entitled to judgment as a matter of law. Allied's mo-

tion is not well taken as to plaintiffs' RCRA claims.

■ Defendant Fostoria has moved for summary judgment on all claims under the RCRA asserted by plaintiffs whose wells are uncontaminated. The Court has addressed this issue as to the claims asserted under CERCLA and finds, similarly, that absence of contamination alone does not preclude these plaintiffs from seeking equitable relief under the RCRA. There is no question that these plaintiffs are in an area affected by a release of hazardous substances and have met the other requirements of bringing an action under the RCRA. In further regard to the RCRA claims, although referenced in plaintiffs' brief in opposition, the Court questions whether 42 U.S.C. § 6973 affords plaintiffs any basis for obtaining relief.

■ Defendant Allied has moved for summary judgment as to all state law claims asserted by plaintiffs on the ground that plaintiffs have generally failed to support the elements of these claims. Allied's motion is too general in most respects to establish grounds upon which summary judgment can be granted. Specifically, Allied asserts that it is entitled to summary judgment on the issue of plaintiffs' claims to recover damages for emotional distress. Allied asserts that there is an absence of evidence to support plaintiffs' claims for emotional distress. Defendant Allied claims no evidence exists as to the seriousness of plaintiffs' alleged emotional distress.

In delineating the standards to guide Ohio courts in reviewing cases seeking damages for the negligent infliction of serious emotional distress, we wish to underscore the element of "seriousness" as a necessary component required for a plaintiff-bystander in order to sufficiently state a claim for relief.... By the term "serious," we of course go beyond trifling mental disturbance, mere upset or hurt feelings. We believe that serious emotional distress describes emotional injury which is both severe and debilitating. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.

*Paugh v. Hanks,* 6 Ohio St.3d 72, 78, 451 N.E.2d 759 (1983).

Plaintiffs must now present evidence from which a jury might return a verdict in their favor. *Anderson,* 477 U.S. at 257, 106 S.Ct. at 2514. In response to Allied's motion on this issue, plaintiffs have directed the Court's attention to their answers to various requests for admissions. These materials are wholly conclusory and do little more than reassert the allegations contained in the complaint. Plaintiffs have failed to present any *evidence* from which a jury could determine they suffered from severe and debilitating emotional injury. Plaintiffs have offered no medical evidence or affidavits setting forth the type of specific facts required to survive summary judgment. Allied's motion is well taken on the issue of emotional distress. Accordingly, the Court will grant defendant Fostoria summary judgment on this issue, sua sponte.

■ Defendant Fostoria has moved for summary judgment as to the state law claims of all plaintiffs whose wells are uncontaminated. The Court notes that plaintiffs' cause of action for trespass is based on the release of hazardous substances onto plaintiffs' property. It is undisputed that this element cannot be established by the plaintiffs whose wells are not contaminated; accordingly, summary judgment will be granted to defendants as to this claim. As to these plaintiffs' remaining state law claims, although they would be precluded from recovering any measure of damages requiring contact with hazardous substances, the Court determines that defendants are not entitled to judgment as a matter of law, except as to such claims as have been dismissed herein or by prior orders.

■ Defendant Fostoria seeks summary judgment on the issue of punitive damages on the ground that Fostoria cannot be held liable in punitive damages for the acts

of an employee. The affidavit of Gregory Angles asserts that he dumped drums of hazardous waste on the ground at the instruction of his employer. The court believes this creates an issue of material fact as to Fostoria's participation in the alleged dumping and provides evidence sufficient to survive summary judgment, from which a jury could determine Fostoria acted in conscious disregard for the safety of others.

█ Defendant Fostoria has moved for summary judgment on plaintiffs' claims that their property has decreased in value. The Court finds that genuine issues of material fact exist as to whether plaintiffs' real property has diminished in value. The Court agrees that under Ohio law a property owner is competent to testify as to the market value of his property. *Smith v. Padgett*, 32 Ohio St.3d 344, 347, 513 N.E.2d 737 (1987). In opposing summary judgment, the plaintiffs seeking to recover loss of property value submitted affidavits in which they stated the amount by which they believe their property values had decreased.

In *Morris v. Huber* (App.1933), 15 Ohio Law Abs. 71, 73, a case involving real property, the court quoted with approval from 22 Corpus Juris (1920) 587–587, Evidence, Section 685, which reads:

" 'The owner of real estate is assumed to possess sufficient acquaintance with it to estimate the value of the property, and his estimate is therefore received *although his knowledge on the subject is not such as would qualify him to testify if he were not the owner.*' " (Emphasis added.) (Footnotes omitted.)

*Id.*

Although plaintiffs' affidavits raise a factual question regarding loss of value of real property sufficient to survive summary judgment, the Court notes that plaintiffs have not attested to the market value of their property. The Court does not believe Ohio law contemplates that a property owner may give an unsupported opinion as to only the amount of decrease in value. In order to show loss of value the property owner must testify to his opinion of the market value of the property prior to the event causing its value to decrease and may then testify to his opinion of the current value of the property. Fostoria's motion as to diminution in value of real property is not well taken.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendant Allied's motion for summary judgment be, and hereby is, GRANTED in part and DENIED in part; and it is

FURTHER ORDERED that defendant Fostoria's motion for summary judgment be, and hereby is, GRANTED in part and DENIED in part.