**Leonoid STYCHNO, Plaintiff,**

v.

**OHIO EDISON COMPANY, Defendant and Third–Party Plaintiff,**

v.

**Linda MARSTELLER, et al., Third–Party Defendants.**

**No. 5:90 CV 2096.**

United States District Court, N.D. Ohio, E.D.

Oct. 5, 1992.

See also 806 F.Supp. 663.

Thomas E. Schubert, Fred A. Culver, Warren, Ohio, for Leonoid Stychno.

Jeffrey J. Casto, Roetzel & Andress, Akron, Ohio, for Ohio Edison Co.

Thomas C.B. Letson, Sr., Letson, Griffith, Woodall & Lavelle, Warren, Ohio, for Linda and William Marsteller.

Harley M. Kastner, Keith L. Pryatel, Millisor & Nobil, Cleveland, Ohio, for Summit–Warren Industries Co., Harold F. Glunt and John S. Petrilla.

## ORDER

SAM H. BELL, District Judge.

### I. STATEMENT OF THE CASE

Summarized below are the allegations found in the amended complaint of plaintiff Stychno, which are necessary for a complete understanding of the instant matter.

On December 30, 1980, the defendant, Ohio Edison, conveyed property used by it as an electrical power generating and transmitting station to Nestor Stychno and William Marsteller. The plaintiff, Leonoid Stychno acquired Marsteller's interest in this property in August of 1987. The plaintiff's co-tenant, Nestor Stychno, has filed a bankruptcy petition, precluding his joinder in this action pursuant to the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362. Since the initiation of this case, the Marstellers have been joined as third-party defendants.

On November 16, 1990, plaintiff Stychno filed a complaint for declaratory relief against Ohio Edison. The plaintiff alleges that during the defendant's ownership of the property, the defendant improperly disposed of asbestos and polychlorinated biphenyls (PCBs). Consequently, the plaintiff seeks a declaration from this court that Ohio Edison is responsible for anticipated clean-up costs pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended. CERCLA, 42 U.S.C. § 9607. The plaintiff claims that he has "already incurred response costs of approximately Four Thousand Five Hundred ... Dollars ($4,500.00) for a comprehensive site survey of hazardous substances at the facility in question, pursuant to order (sic) of a governmental agency. (Docket # 40, amended complaint at para. 9) Alternatively, the plaintiff seeks an equitable share of these costs in accordance with a different provision of the same Act, 42 U.S.C. § 9613(f).

Currently before this court is plaintiff Stychno's motion for partial summary judgment. (Docket # 39) This motion is the subject of the following opinion.

### II. STANDARD OF REVIEW

In reviewing a motion for summary judgment, a court must consider the pleadings, related documents, evidence, and all reasonable inferences in a manner most favorable to the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979). Rule 56 provides, in relevant part, as follows:

(c) ...

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

.    .    .    .    .

(e) ...

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Three Supreme Court cases have provided guidance as to the nature of the respective burdens allocated under Rule 56. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The ultimate burden lies with the non-moving party to show the existence of a genuine issue of material fact. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*' Fed.Rule Civ.Proc. 56(e)." *Matsushita*, 475 U.S. at 586–587, 106 S.Ct. at 1356 (emphasis supplied). "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The court in *Anderson* held that "the plaintiff must

present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff had had a full opportunity to conduct discovery." *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514.

On the other hand, the moving party's burden under Rule 56 is lighter.

Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. But unlike the Court of Appeals, we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. On the contrary, Rule 56(c) ... suggests the absence of such a requirement.

*Celotex, supra,* 477 U.S. at 323, 106 S.Ct. at 2553 (emphasis supplied).

The Sixth Circuit Court of Appeals, in *Street v. J.C. Bradford and Co.*, 886 F.2d 1472 (6th Cir.1989) recently reviewed court decisions and commentary regarding the impact of *Anderson, Celotex,* and *Matsushita* on summary judgment practice. The court concluded that a "new era" in summary judgment practice has opened in the court system as a result of these opinions.

Scholars and courts are in agreement that a "new era" in summary judgments dawned by virtue of the Court's opinions in these cases ... On the whole, these decisions reflect a salutary return to the original purpose of summary judgments. Over the years, decisions requiring denial of summary judgment if there was even a suggestion of an issue of fact and tended to emasculate summary judgment as an effective procedural device.

*Street, supra,* at 1476.

The court enunciated the following "new era" principles, among others: as on feder-

al directed verdict motions, the "scintilla" rule applies, *i.e.*, the respondent must adduce more than a scintilla of evidence to overcome the motion; the respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment"; the trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact. *Id.* at 1479–1480 (footnotes and citations omitted).

### III. LAW AND ANALYSIS

As a preliminary matter, the court shall note that Ohio Edison's brief in response to plaintiff's motion relies in part upon the reasoning advanced in Ohio Edison's motion to dismiss, Docket # 33. (*See, e.g.,* Defendant's Reply to Plaintiff's Motion for Summary Judgment, Docket # 60 at 7) As was determined last Fall at conference with counsel, the plaintiff's amended complaint rendered moot the defendant's motion to dismiss. The first portion of the defendant's motion relied upon the plaintiff's failure to allege the incurrence of response costs. Plaintiff's amended complaint includes these allegations. The second segment of the defendant's motion requested partial summary judgment. It is clear that genuine issues of fact precluded a grant of that motion. *See, e.g., United States v. Metate Asbestos Corp.,* 584 F.Supp. 1143 (D.Ariz.1984). On the 9th of September, 1991, a ruling to that effect was dispensed by marginal entry order.

It has now come to the court's attention that, through some mishap, this ruling was never entered upon the docket. This error has been corrected and, should the instant ruling precede the parties' receipt of a copy of that marginal entry order, the instant opinion should also serve to advise the parties that defendant's motion to dismiss,

Docket # 33, was denied. Nevertheless, the court shall consider the arguments raised by defendant's motion to dismiss as they relate to the instant motion for summary judgment. The remainder of this order shall address exclusively the plaintiff's motion for summary judgment.

Although the plaintiff's motion nowhere articulates the statutory section relied upon for relief, plaintiff's complaint apparently grounds his claim in the provisions of Section 107(a)(2)(B) of CERCLA, 42 U.S.C. § 9607(a)(2)(B). (*See* Complaint, Docket # 1, at para. 8, 9) This section provides, in pertinent part, the following:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section—

> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

> \*   \*   \*   \*   \*   \*

> shall be liable for—

> (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan.

42 U.S.C. § 9607(a)(2)(B).

Courts have determined that recovery of expended costs of response on a claim brought pursuant to this subsection requires proof of at least four elements. These elements are:

1) That the defendant, at the time of disposal of any hazardous substance, owned or operated the facility at which the hazardous substances were disposed of,

CERCLA § 107(a)(2), 42 U.S.C. § 9607(a)(2),

2) There must have been a release or threatened release of hazardous substances from the site,[1]

---

**1.** Although it appears from the structure of Section 9607(a)(4) that the phrase "release or threatened release" applies only to persons described in that provision, the courts which have considered the question have held that it also delineates the provisions of Section 9607(a)(1)–

(3). *State of New York v. Shore Realty Corp.,* 759 F.2d 1032, 1043 n. 16 (2d Cir.1985) ("[I]t is quite apparent that it [the phrase "release, or a threatened release" also modifies subparagraphs (1)–(3) inclusive."); *Ascon Properties v. Mobil Oil Co.,* 866 F.2d 1149, 1152 (9th Cir.1989).

CERCLA § 107(a)(4), 42 U.S.C. § 9607(a)(4); *See* CERCLA §§ 101(14), (22),

3) The release or threatened release must have caused plaintiff to incur response costs,

CERCLA § 107(a)(4), 42 U.S.C. § 9607(a)(4), and

4) The plaintiff's costs must be necessary costs of response consistent with the national contingency plan.

CERCLA § 107(a)(4)(B); 42 U.S.C. § 9607(a)(4)(B).

*See Dedham Water Co. v. Cumberland Farms Dairy,* 889 F.2d 1146, 1150 (1st Cir.1989); *Artesian Water Co. v. Government of New Castle County,* 659 F.Supp. 1269, 1278 (D.Del.1987), *aff'd,* 851 F.2d 643 (3d Cir.1988); *Williams v. Allied Automotive Div.,* 704 F.Supp. 782 (N.D.Ohio 1988) (Potter, J.,) (citing *Artesian Water Co., supra.*).

In the case at bar, plaintiff has moved for partial summary judgment. Apparently, the partial judgment plaintiff seeks is a declaration of liability on the part of the defendant. In such an instance, plaintiff is required to prove the first three elements cited above. *Southland Corp. v. Ashland Oil, Inc.,* 696 F.Supp. 994, 999 (D.N.J.1988); *T & E. Industries, Inc. v. Safety Light Corp.,* 680 F.Supp. 696, 708 (D.N.J.1988). *See also County Line Investment Co. v. Tinney,* 933 F.2d 1508, 1513 (10th Cir. 1991):

> In holding that consistency with the NCP is an element of a private cost recovery claim, we recognize that there are some circumstances in which a CERCLA plaintiff has not yet established that all of its claimed response costs were incurred consistent with the NCP. These include cases ... in which plaintiff seeks only a declaration of the defendant's liability for future costs incurred consistent with the NCP.

*Accord United States v. Mottolo,* 695 F.Supp. 615, 620 (D.N.H.1988); *Sunnen Products Co. v. Chemtech Industries, Inc.,* 658 F.Supp. 276, 278 (E.D.Mo.1987). In other words, if plaintiff proves these elements in accordance with the dictates of Rule 56, this court may declare liability for future, additional "necessary costs of response ... consistent with the national contingency plan." CERCLA § 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B).

■ With this established, it is clear that the plaintiff's five page motion has not demonstrated the lack of genuine issues of material fact. Proof of a private CERCLA claim requires a detailed analysis of both the facts surrounding the dispute and the requirements of Section 107 of the statute and the regulations thereunder. Plaintiff must eliminate genuine issues concerning whether the defendant was the "owner or operator" of a "facility" at the time a "hazardous substance" was "disposed". He must also prove that there was a "release or a threatened release" which caused the incurrence of "response costs" as those terms are defined.

■ In the instant case, plaintiff has simply not proved all required elements for a declaration of liability. For instance, the plaintiff nowhere offers proof of the existence of, or even uses the words, "release or a threatened release". Plaintiff likewise does not assert, let alone attempt to prove that the costs he incurred were response costs within the meaning of the statute, although the case law suggests that this is the case. *See Brewer v. Ravan,* 680 F.Supp. 1176, 1179 (M.D.Tenn.1988) ("most courts agree that on-site testing and investigative costs are recoverable under section 9607(a) ... [t]o the extent that plaintiffs allege that they have conducted onsite soil testing and water monitoring, therefore, they state a cognizable claim under section 9607(a)."); *Comerica Bank–Detroit v. Allen Industries, Inc.,* 769 F.Supp. 1408, 1412 (E.D.Mich.1991); *Velsicol Chemical Corp. v. Reilly Tar & Chemical Corp.,* 21 ERC (BNA) 2118 (E.D.Tenn.1984) While the plaintiff has approximated the showing required for judgment in his favor, especially on the issue of Ohio Edison's posture as a "responsible party", he has not demonstrated the absence of material issues of fact.

On a motion for summary judgment:

*where the moving party has the burden*—the plaintiff on a claim for relief or the defendant on an affirmative defense—*his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.*

*Calderone v. United States,* 799 F.2d 254, 259 (6th Cir.1986) (emphasis in original) (quoting R. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 487–88 (1984)). Clearly, plaintiff has not fulfilled his burden under Rule 56. Even had plaintiff satisfied his burden, this court would be wary of granting his motion. In his prayer for relief, plaintiff, as noted above, acknowledges that the defendant may not be solely responsible for the contamination of the site in question. Defendant's brief and evidence on the instant motion clearly suggest that plaintiff and third party defendants may also be responsible parties under CERCLA, thus making a declaration at this stage premature as a practical matter.

Accordingly, plaintiff's motion for partial summary judgment, Docket # 39, is DENIED.

IT IS SO ORDERED.